ALBERT SCOTT, RESPONDENT, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, APPELLANT.

*When a common carrier is not liable for an assault upon a passenger, brought about by the insulting language of the latter.*

In an action brought to recover damages for an assault committed upon the plaintiff by the driver of one of the cars of the defendant, a common carrier, while the plaintiff was a passenger thereon, it appeared that the plaintiff got upon the front platform of one of the defendant's cars, and that, upon boarding the car, he commenced an altercation with the driver, using language which was very abusive and insulting and calculated to bring about a personal encounter, which result followed to the injury of the plaintiff.

Upon the trial the judge was asked to charge the jury, among other things, that if they believed that the plaintiff commenced the altercation, and in the course of it addressed indecent and insulting language to the driver, and language such as was calculated or likely to produce the assault, that the verdict must be for the defendant, which the court refused to charge and the defendant excepted.

*Held,* that this was error.

That while it might be true that the use of the abusive language to the driver did not justify the assault, so far as the driver was concerned, in the eyes of the criminal law, there was no reason for holding that where a passenger, by his own improper and insulting behavior, while a passenger on the road of the railway company, brought upon himself an assault, that the carrier should be held responsible.

That it was clear that the act of the driver was not in the course of his employment, and that defendant could only be held under the rule that, as the passenger must submit himself to the custody of the employees of the carrier, the carrier must be responsible even for the willful acts of the employees which result in a trespass against the passenger; but that such rule could have no application to a case where the trespass was brought about by the improper behavior of the passenger which caused the assault of which he complained. (DANIELS, J., concurring upon the ground that the recovery should not have exceeded a nominal sum.)

APPEAL from a judgment in favor of the plaintiff for $879.55, damages and costs, recovered upon a trial at the New York Circuit, which was entered in the office of the clerk of the county of New York on December 8, 1888; and also from an order denying a motion made upon the minutes of the justice presiding on the trial for a new trial, which was entered in said clerk's office on the 29th day of December, 1888.

*C. H. V. Yates,* for the appellant.

*Hyland & Zabriskie,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover damages from the defendant for an assault committed upon the plaintiff by the driver of one of the cars of the defendant while he was a passenger thereon.

The evidence upon the part of the defendant in this action showed that the plaintiff got upon the front platform of one of the cars of the defendant. Upon boarding the car he commenced an altercation with the driver, using language which was very abusive, insulting and calculated to bring about a personal encounter, which result followed to the detriment of the plaintiff. The plaintiff, upon his part, denied this evidence, but it seems to have been substantiated by an intelligent and credible witness.

Upon the conclusion of the trial the learned court was asked to charge the jury, among other things, that if they believed that the plaintiff commenced the altercation, and, in the course of it, addressed indecent and insulting language to the driver, and language such as was calculated or likely to produce the assault, that the verdict must be for the defendant, which the court refused to charge, and the defendant excepted. This, we think, was error. It is undoubtedly true that a common carrier of passengers undertakes to protect passengers from the negligence or willful misconduct of its servants while engaged in performing a duty which the carrier owed to the passengers. But it has not as yet been held that, where a passenger by his own misbehavior, while being transported, has provoked a personal encounter between himself and one of the employees of the carrier, that the carrier is liable for the results. It may be true that the use of the abusive language to the driver did not justify the assault, as far as the driver is concerned, in the eyes of the criminal law ; but there is no reason for holding that where a passenger, by his own improper and insulting behavior, while a passenger upon the road of the railway company, brings upon himself an assault, the carrier should be responsible. Carriers are to be held to the strictest responsibility. They must treat their passengers respectfully and protect them so far as they reasonably can from injury or

insult on the part of their employees. But there is also a responsibility on the part of the passenger. He is bound to conduct himself in an orderly and decent manner, and if he forgets his obligations, and, by his indecent behavior and by the use of language which is morally certain to end in a personal encounter, he succeeds in his efforts to bring about such a result, certainly the carrier cannot be bound to protect the passenger under such circumstances from the natural and probable results of his own act.

It is clear that the act of the driver was not in the course of his employment, and the defendant can only be held under the rule that as the passenger must submit himself to the custody of the employees of the carrier, the carrier must be responsible even for the willful acts of the employees which result in a trespass against the passenger. But the reason of such a rule can have no application to a case where the trespass is brought about by the improper behavior of the passenger which caused the assault of which he complains. The duties of the carrier and the passenger are reciprocal. The carrier is bound to protect the passenger and the passenger, in order to entitle himself to such protection, is bound to behave himself in a decent and orderly manner.

Of course, this question must be considered in reference to this exception. If the evidence on the part of the defendant was true in regard to the manner in which this assault was provoked, it was a question for the jury; and if the jury found upon the evidence in this case in favor of the plaintiff, the request in question having been charged, there would have been no reason for disturbing the verdict. But it seems to us that the defendant had a right to have this question submitted to the jury with proper instructions, and if they found that the assault had been provoked by unseemly behavior on the part of the plaintiff, no recovery could be had.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Brady, J., concurred.

Daniels, J.:

The court did charge the jury that the plaintiff was not entitled to recover if he provoked the assault by his acts or threats of personal violence. This was required by the case for the reason that

the driver testified that he was first personally assaulted by the plaintiff. The requests refused by the court were made upon the theory that the coarse, insulting and provoking words of the plaintiff would, of themselves, justify or excuse the assault of the driver. But the law is settled, that words alone will not excuse a resort to personal violence. For that reason these requests could not be charged. But the fact that the plaintiff brought on the altercation, and made use of language naturally calculated to provoke the driver, went very decidedly in mitigation of the damages. His conduct was entirely unbecoming a passenger on the car. It was proved by a disinterested witness, as well as by the driver, and in part was admitted by the plaintiff. And even if the jury considered him entitled to recover, the verdict should not have been for so large a sum as $500. It would be much more consistent with the justice of the case that his recovery should not exceed a nominal sum. On this ground, the motion for a new trial should have been allowed to prevail.

I agree, therefore, to a reversal and a new trial, with costs of the appeal to the defendant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.