Argued before CLEMENT, C. J., and VAN WYCK, J.

Shorter & Kurth, for appellant.

Wm. S. Cogswell, for respondents.

CLEMENT, C. J.   The plaintiff, a bricklayer by trade, was on the 18th day of March, 1893, in the employ of the defendants, who were erecting a building at the corner of Rockwell place and Dekalb avenue, in this city.   He arrived at that place at 8 o'clock in the morning, and was directed by one McCabe, who was a foreman for the defendants, to work on a certain wall.   After working there for about two hours, he was ordered by McCabe to work on a pier near a derrick on which there was no check rope.   After working an hour on the pier, the derrick fell, and he was severely injured.   The derrick fell for the reason that it had no check rope.   The plaintiff brought this action to recover damages from the defendants for their alleged negligence.   The learned trial judge dismissed the complaint at the close of plaintiff's case, and this appeal is taken from the judgment of nonsuit.

We are of opinion that the defendants are not responsible for the failure of McCabe to see that the check rope was attached to the derrick.   Crispin v. Babbitt, 81 N. Y. 516; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905. McCabe was simply a foreman over the mason work, and his declarations after the accident did not bind the defendants.   It appeared that John Richardson, a fellow servant of plaintiff, had charge of the derrick.   He testified that the derrick fell for the reason that it had no check rope, and that he forgot to attach a rope to it.   The case, therefore, falls within the rule laid down by the court of appeals in Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, and the dismissal of the complaint was therefore right.   If the questions which were ruled out below had been answered favorably to the claim of the plaintiff, he would not stand in any better position.   There was no testimony tending to show that McCabe was incompetent to fill the position of foreman.   Judgment affirmed, with costs.

(10 Misc. Rep. 18.)

KOSTERS v. BROOKLYN, B. & W. E. RY. CO.

(City Court of Brooklyn, General Term.   October 22, 1894.)

ASSAULT AND BATTERY—INSTRUCTIONS—PROVOCATION.

In an action for an assault by a street-car conductor on a passenger the court properly refused to charge that, if plaintiff commenced the altercation, and used indecent and insulting language, such as was calculated to produce an assault, the verdict must be for defendant, where the conductor testified that plaintiff used abusive language, after which he drew an iron wrench from his pocket, and struck at him, and that he (the conductor) then struck plaintiff.

Appeal from trial term.

Action by K. Kosters against the Brooklyn, Bath & West End Railway Company to recover damages for an alleged assault and battery.   From a judgment entered on a verdict in favor of de-

fendant, and from an order denying a motion for a new trial, plaintiff appeals.   Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Morris & Whitehouse, for appellant.

Geo. W. Miller, for respondent.

VAN WYCK, J.   The plaintiff sued to recover damages for an alleged assault committed upon him while a passenger on defendant's car by the conductor.   The only question for our consideration is whether the court erred in refusing to charge at defendant's request that "if the plaintiff commenced the altercation, and in the course of it addressed indecent and insulting language to the conductor, and language such as was calculated or likely to produce an assault, the verdict must be for defendant."   Assuming that this is a sound statement of law under the authority of the prevailing opinion in Scott v. Railroad Co., 53 Hun, 414, 6 N. Y. Supp. 382, it seems to us that the court charged so much thereof as was applicable to the facts in this case.   The plaintiff testified that the conductor, after he had paid his fare, demanded of him, at several different times, the payment of the same, and without provocation, save his refusal to pay his fare a second time, that the conductor clubbed him severely.   The conductor testified that at different times he demanded the fare, which was not paid, and that plaintiff, while standing on the platform, used abusive language to him, after which he stepped from that platform to the platform of the adjoining car, when the plaintiff drew an iron wrench out of his pocket, and struck at him; that he then took his eight-inch stick out of his pocket, and struck the plaintiff.   It is manifest from this testimony, if the conductor is to be believed, that this assault on plaintiff was not provoked by any insulting words, but by the threatened assault upon him by plaintiff with the wrench.   The court charged that if plaintiff assaulted or threatened to assault the conductor, the latter was justified in assaulting plaintiff.   This testimony of the conductor is the only evidence that, before he assaulted the plaintiff, the lattter used insulting language, or threatened to assault the conductor.   After examining the testimony, we see no reason to disturb the verdict. Judgment and order affirmed, with costs.