# THE

# New York Supplement

## VOLUME 62,

### AND

# New York State Reporter,

## VOLUME 96.

---

(47 App. Div. 306.)

### WEBER v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

**1. STREET RAILROADS—PASSENGERS—WAIVER OF RIGHTS.**
   That a passenger in a street car leaves his seat to protest with the conductor against what he considers unnecessary roughness in handling an intoxicated person does not constitute a waiver of his rights as a passenger, freeing the company from liability for the conductor's action in ejecting him.

**2. SAME—ASSAULT BY CONDUCTOR—EJECTION.**
   Indecent, insulting, and provoking language of a passenger, unaccompanied by threats or violence, does not justify the conductor in assaulting him. The conductor may use sufficient force to eject him, but no more.

Appeal from trial term, Kings county.

Action by Simon A. Weber against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
C. W. Laskey, for respondent.

WILLARD BARTLETT, J. The plaintiff, while a passenger on one of the defendant's cars, was forcibly ejected therefrom by the conductor. He had stepped to the rear platform, to remonstrate with the conductor for what the plaintiff conceived to be his abusive treatment of another passenger. An altercation ensued between the plaintiff and the conductor, which resulted in the removal of the

plaintiff from the car. The question in the present action is whether the assault involved in such removal was justifiable or not. The appellant presents four points, which we will consider in the order in which they are stated in the brief.

1. It is contended that, inasmuch as the plaintiff voluntarily left his seat in the car, and interfered with the management of the car and its passengers, without cause, he waived his rights as a passenger, and the defendant was freed from liability for the result. According to the plaintiff's narrative of the events which resulted in his ejection from the car, he did nothing more than civilly to protest against what he considered the unkind treatment of an intoxicated passenger, whom the conductor had handled with unnecessary roughness before putting him off the car. It cannot seriously be supposed that a person, by such an act of remonstrance as this, forfeits his right to be protected from assaults by the servants of a common carrier in whose vehicle he is a passenger. The case cited by the appellant upon this point was one in which a conductor shot a passenger upon a railway train, but the defense was that the shooting was justified by the fact that the passenger at the time was advancing upon the conductor, or making hostile demonstration towards him with a knife, in such a manner as to put the conductor in imminent danger of his life or great bodily harm. Railroad Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919. Such circumstances present no analogy whatever to the facts in the case at bar. The plaintiff's position here, assuming, as we must, that the jury accepted his version of what happened, was more like that of the plaintiff in Bryant v. Rich, 106 Mass. 180, where he was assaulted by the steward and table waiters on a steamboat because he told the steward that they had no right to order a fellow traveler into his berth.

2. We are asked to hold that the trial court erred in denying the defendant's motion to dismiss at the close of the whole case, for the reason that it then clearly appeared that the plaintiff had brought the assault upon himself. As to this proposition, it is necessary only to say that there was clearly a question of fact for the jury as to the circumstances preceding the assault and the circumstances of the assault itself.

3. It is further argued that the trial judge erred in charging the jury in the following language:

"It is true that indecent, insulting, or provoking language is not sufficient to justify an assault. * * * If you find that his conduct was insulting, his language indecent and provoking, you may take that into consideration in mitigation of damages, if you find that he did not assault the conductor."

We can find no exception to the second sentence above quoted. There is an exception, however, to the first proposition, but we are not able to perceive why it does not correctly state the rule of law. From the context it would seem that the learned trial judge at the time was talking about the passenger rather than the conductor. There had been testimony to the effect that the plaintiff struck the first blow, and the language criticised may well have been understood by the jury to mean that he was not warranted in striking

the conductor by reason of any language which the latter had used.
Let us assume, however, that the learned judge referred to the con-
ductor, and thus declared that indecent, insulting, or provoking
language on the part of the plaintiff did not justify the conductor
in assaulting him. Was this instruction incorrect? We think not.
If a passenger in a railroad car is guilty of disorderly conduct, the
conductor may lawfully require him to leave the car, and, in the
event of his refusal to do so, may exercise such force as is neces-
sary to eject him, but no more. The conductor cannot rightfully
assault the passenger merely because the passenger has insulted
him, or otherwise provoked him, by mere words; and if he does as-
sault the passenger by reason of such provocation only, unaccom-
panied by any threats or acts of personal violence, the railroad com-
pany will be liable for the consequences of the assault, under the
well-established rule which protects passengers against the miscon-
duct of a common carrier's servants. Stewart v. Railroad Co., 90
N. Y. 588; Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039,
30 L. Ed. 1049. In the charge in the present case the jury were dis-
tinctly instructed that it was within the due scope of the employ-
ment of the conductor, if the plaintiff was acting in an unbecoming
manner, which would be insulting to other passengers, to eject him
from the car. The language of the entire charge, taken together,
laid down the law substantially as we have already stated it. The
only case to which we have been referred which seems to conflict
with this view is Scott v. Railroad Co., 53 Hun, 414, 6 N. Y. Supp.
382. There the plaintiff sued to recover damages on account of an
assault committed upon him by a driver of one of the defendant's
cars. The trial judge was requested to charge the jury that, if they
believed the plaintiff commenced the altercation, and in the course
of it addressed indecent and insulting language to the driver,—lan-
guage such as was calculated or likely to produce the assault,—
the verdict must be for the defendant. The learned judge refused
to charge this proposition, and the general term of the First depart-
ment, in an opinion by Van Brunt, P. J., declared that this refusal
was erroneous. If the passenger forgets his obligations, said the
learned presiding justice, and "by his indecent behavior, and by the
use of language which is morally certain to end in a personal en-
counter, he succeeds in his efforts to bring about such a result, cer-
tainly the carrier cannot be bound to protect the passenger under
such circumstances from the natural and probable results of his own
act." With this opinion Mr. Justice Brady concurred. Mr. Justice
Daniels, however, although he agreed to a reversal on other grounds,
did not concur in the proposition that the defendant would be ex-
empted from liability if the plaintiff used language to the driver
likely to provoke the assault. We quote from his opinion:

"The court did charge the jury that the plaintiff was not entitled to recover
if he provoked the assault by his acts or threats of personal violence. This
was required by the case for the reason that the driver testified that he was
first personally assaulted by the plaintiff. The requests refused by the court
were made upon the theory that the coarse, insulting, and provoking words of
the plaintiff would, of themselves, justify or excuse the assault of the driver.
But the law is settled that words alone will not excuse a resort to personal

violence. For that reason these requests could not be charged. But the fact that the plaintiff brought on the altercation, and made use of language calculated to provoke the driver, went very decidedly in mitigation of the damages."

This states the law as we understand it, and substantially as it was laid down to the jury in the case at bar. To avoid any possible misunderstanding, it may be well to add that, of course the passenger could not recover if he used the provoking language with the intent of bringing about the assault which followed. Though we are naturally reluctant to differ from the prevailing opinion of the general term in another department, we are constrained to do so when the view of the minority seems to us so much better supported in reason and authority.

4. Finally, it is contended that the jury ought to have been instructed, in accordance with the request of counsel for the defendant, that, if the plaintiff's conduct was improper, and he used any abusive or indecent language which was sufficient to provoke or bring about the difficulty, those facts would suffice to absolve the defendant from liability. In declining to charge this proposition the court added:

"But I do charge you, gentlemen of the jury, that, if the conduct was gross and improper, it was within the right of the conductor to eject him from the car, and for any subsequent conduct on the part of the conductor the defendant company would not be liable."

This point is disposed of by what has already been said in reference to the appellant's third proposition. The record presents no other question for discussion, and it follows that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.