# Zirkle & Moore *et al. v.* Jones.

*Action upon a Contract.*

1. *Appeals; assignments not insisted upon not reviewed.*—Assignments or error which are not insisted upon in the argument of counsel for appellant, will not be considered or reviewed on appeal.

2. *Action upon contract; sufficiency of replication to plea.*—In an action to recover an amount alleged to be due under a contract for negotiating a sale of land, the complaint set out

at length the contract which provided that the defendant was to pay the plaintiff a certain amount upon the completion of the contract of sale to him by the vendors. There was also set out in the complaint the contract of sale between the defendant and the vendors, which contained the stipulation that the vendors were to deliver a warranty deed of the property free from all liens, incumbrances and taxes of every kind. It was averred in the complaint that the warranty deed to the property was signed by the vendors and offered by plaintiff to the defendant, who refused to accept it. Defendant filed a special plea; which; after alleging that the only contract which the defendant had with the plaintiff was shown by said count, further averred that at the time of the alleged offer to deliver the deed, the property to be conveyed was incumbered by a lien for State, county and municipal taxes. Without demurring to this plea, the plaintiff filed special replications, setting up that at the time of offering the deed, the plaintiff and the vendors were ready, willing and able to pay the taxes that were due, and that there existed a custom* at the place of sale that provided for the payment of taxes when the purchase money was paid. · *Held*: That the replications were insufficient as answers to the plea, and that upon the averments of such plea being proved, the defendant was entitled to judgment.

3.  *Pleading and practice; error without injury in rulings upon pleadings.*—When several · special pleas are interposed to a complaint, one of which, without demurrer being interposed thereto, stands as a full and complete defense to the action, if, upon filing an insufficient replication to which the demurrer is sustained, the plaintiff declines to plead further and judgment is thereupon rendered for the plaintiff, such judgment will be affirmed without regard to the rulings of the trial court on the other pleas, or their legal sufficiency.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

Zirkle & Moore, and P. C. Massie, the appellants, brought the present action against the appellee, Henry C. Jones, to recover an amount alleged to be due under a contract entered into between the plaintiffs and the defendant. The complaint as originally filed contained two counts. Demurrers were interposed to each of these counts and these demurrers were sustained. Thereupon the plaintiffs amended their complaint by adding two

other counts, numbered 3 and 4. In the third count of the complaint plaintiffs set out in *haec verba* the contracts under which the plaintiffs alleged the defendant was indebted to them. There were two of these contracts. The first was a contract entered into between the plaintiffs and the defendant, in which the defendant agreed that upon the completion by Tarlton and others of their contract, or the sale to the defendant of certain property at a certain price, the defendant agreed to pay to the plaintiffs $1,000 as compensation for services rendered in the negotiations of such sale of the property from Tarlton to the defendant. The contract between Tarlton and others and the defendant, was in substance that upon the payment by the defendant of $23,000 to them, the said Tarlton and others would execute and deliver to the defendant a good and sufficient warranty deed conveying to him a good, marketable title "free from all liens, incumbrances, taxes of any kind whatever." The defendant interposed several pleas. The first was the general issue, the second plea is copied in the opinion, and it is unnecessary to set out the other pleadings. To the second plea the plaintiffs did not demur, but filed two special replications. In the first of these special replications plaintiffs averred that the vendors of the land and the plaintiffs were at the time fixed by the contract, ready, willing and able to pay all of the alleged taxes which might have been due or unpaid at said time and would have done so as soon as the defendant had carried out his part of the contract. In the replications to the second plea the plaintiffs, after averring their willingness and ability at the time of the offer to comply with the contract and pay all the taxes, further averred that there was at said time a well recognized custom existing among all real estate dealers in the city of Montgomery, by which it was understood that all vendors of real estate sold in said city should pay all taxes on lands sold at the time of making the sale, or would take the amount of the taxes out of the purchase price ,and the purchaser would pay such taxes, and that this custom was well known to the defendant at the time of making his contracts with the plaintiffs and with the vendors

of the land. To the first of these special replications the defendants demurred upon the ground that the facts averred therein were no answer to the plea, and that the readiness and willingness and ability to pay said taxes was not equivalent to payment thereof as was agreed to be done in said contract.

To the second replication the defendant demurred upon the grounds that said replications set up no answer to the plea, and that the custom alleged in said replication constituted no excuse for the non-payment of the taxes. These demurrers to these special replications were each sustained. After the rulings of the court upon the pleadings, the plaintiff declined to plead further, and judgment was rendered for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court upon the pleadings.

GORDON MCDONALD, for appellants.—By his demurrers to the plaintiffs' replications, the defendant admits that the plaintiffs and the intended sellers of the lands were ready, able and willing to pay the taxes at the time fixed for the consummation of the trade. If any defect was in the title it was appellee's duty to be present and point out such defect.—*Anderson v. Strassburger*, 92 Cal. 38; *Anderson v. Babcock*, 63 Conn. 109.

WATTS, TROY & CAFFEY and HOLLOWAY & HOLLOWAY, *contra.*—Plea No. 2 presented a full and complete answer to said action. Until the completion by Tarleton *et als.* of their contract with appellee, appellants had no right of action.—*Seay v. Chambers*, 73 Ala. 372; *Shepard v. L. & N. R. R. Co.*, 126 Ala. 416; *Graham v. Ambler*, 39 Fla. 579; *Myrick v. Merritt*, 22 Fla. 341; *Robbins v. Clark*, 127 U. S. 622; *Crevier v. Stephen*, 40 Minn, 290; *Hammond v. Crawford*, 66 Fed. Rep. 425; *Condict v. Cowdrey*, 139 N. Y. 222; *Cremer v. Miller*, 57 N. W. 318; *Flower v. Davidson*, 46 N. W. 308.

The replications filed to the second plea were no answer thereto, and the demurrer to the replications were properly sustained. The plaintiff declining to plead further, judgment was properly entered in favor of the defendant, and this judgment will be affirmed on appeal.

*Brown v. Com. Fire Ins. Co.,* 86 Ala. 189; *Wadsworth v. Hodge,* 88 Ala. 500; *Guilford v. Kendall,* 42 Ala. 651.

TYSON, J.—The first assignment of error is based upon the action of the court in sustaining demurrers to the first and second counts of the complaint. This assignment is not insisted upon in argument, and we will not notice it further.—1 Brick. Dig. 102, § 285.

Amended count number 3 set out the contracts *in hæc verba* upon which the plaintiffs relied for a recovery, averring a performance on the part of Tarlton and others, and a refusal on the part of defendant to pay the plaintiffs the sum claimed by them as due under the contracts. By the terms of the contract between plaintiffs and defendant, the defendant was to become liable to them only in the event of the completion of the contract by Tarlton and others with him. By the terms of the latter contract, Tarlton and other bound themselves to deliver a deed and also the property, to defendant, on or before the 5th day of October, 1899, free from all liens, incumbrances, taxes of any kind whatever.

Amended count 4 was a count for work and labor done by plaintiffs for defendant.

To these two counts the defendant filed six pleas. The second was in this language: "That the only contract which defendant had with plaintiffs is shown by the third count of said complaint, and plaintiffs performed no work or labor for defendant except thereunder, and defendant avers that at the time of the alleged offer to deliver said deed the property proposed to be conveyed was incumbered by a lien for State and county taxes and by a lien for city taxes which has not been discharged."

There was no demurrer to this plea. It was treated as presenting a full and complete defense to the counts. To it the plaintiffs filed two special replications. A demurrer was sustained to each of these, and the ruling of the court in this respect is assigned as error here.

It is clear that if the payment of the taxes by Tarlton and others was a condition precedent, a non-performance of that condition by them was a breach of the contract

and involved them in all the consequences of a breach, depriving them of all remedies under it, relieving the defendant from liability to perform and affording him a right of action against them.—7 Am. & Eng. Ency. Law, (2d ed.), 120, 121, and notes.

It is hardly necessary to say that if Tarleton and others breached their contract in the respect pointed out, that the contract cannot be said to have been completed; and, therefore, the plaintiffs are without cause of action or complaint against the defendant. Whether the contract imposed upon Tarlton and others the condition precedent of paying the taxes, we are not called upon to determine. The plea of defendant above set out was doubtless framed and interposed as a defense upon that theory. Indeed, it would have been bad and subject to demurrer if the defense invoked by it was based upon any other construction of the contract. By replying to it the plaintiffs admitted its legal sufficiency as a defense and cannot here question it. Having made this admission as to its sufficiency and as under no theory of the case could it have been regarded as presenting a material issue except the one pointed out above, we must treat it as presenting that defense. The replications were no answer to it, for the very obvious reason that nothing short of a strict performance of the condition will fulfill the obligation to pay the taxes, thereby discharging the property from the lien.—7 Am. & Eng. Encyc. Law, *supra*. The plaintiffs by these replications could not test the sufficiency of the plea. A bad replication under our practice is not good enough for a bad plea, if it be conceded that the plea would have been subject to demurrer. The rule of the common law of visiting a demurrer to a bad replication upon the plea was abrogated by the adoption of the statute requiring a demurrer to be allowed for matter of substance only which must be specified in it. Code, § 3303, and authorities cited thereunder.

What we have said in nowise contravenes the general rule that pleadings must be construed most strongly against the pleader. We are not dealing with the question of the sufficiency of the plea. That was admitted.

But the question is, were the replications subject to the demurrer interposed to them. It is their sufficiency we are called upon to deal with, and the general rule does obtain and is applicable that we must construe them most strongly against the pleader. Applying this rule and construing them in connection with the plea, we are constrained to hold them bad.—*Western Assurance Co. v. McGlathery,* 115 Ala. 213. With the replications out, the state of the pleadings leaves the second plea, "precisely as if traverse had been taken on a matter of fact in it, and determined against the plaintiff. On demurrer to any of the pleadings which go to the action, the judgment for either party is the same as it would have been on an issue in fact, joined upon the same pleading and found in favor of the same party." This being true it is utterly immaterial what may have been the ruling of the court upon replications to other pleas. If erroneous, they were harmless, for the reason that the defendant was entitled to judgment upon his second plea.—*Clearwater v. Meredith,* 1 Wall. 25; *Brown v. Commercial Fire Ins. Co.,* 86 Ala. 189.

Affirmed.