# Tobias *v.* Josiah Morris & Co., *et al.*

### *Action on the Common Counts.*

### (Decided December 18, 1901.)

1. *Plaintiff declining to plead further, on sustaining of demurrers to certain replications to certain pleas; effect of.*—Where, upon the sustaining of demurrers to certain replications which are limited to certain pleas, leaving other pleas not replied to which set up a complete defense to the action, the plaintiff declines to plead further and suffers judgment to go against him,—such judgment will be referred to the sufficient pleas, and the case will not be reversed for the rulings upon the sufficiency of such replications.　　..

APPEAL from Montgomery Circuit Court.

Tried before Hon. N. D. DENSON.

Action on the common counts by B. Tobias against Josiah Morris & Company. There was also a special count under which plaintiff sued defendants for a general deposit of money made in her name with defendant's bank. This is the second appeal, the former report being found in 126 Ala. 535. In view of the ground upon which the decision is rested it is not deemed material to set out the pleadings *in extenso.*

LOMAX, CRUM & WEIL and GORDON MACDONALD, for appellant.

GRAHAM & STEINER and J. M. CHILTON, for appellees.

DOWDELL, J.—The appeal in this case is taken from the judgment of the court rendered in favor of the defendant, the appellee, on failure and refusal of appel-

lant, plaintiff in the court below, to further plead, after ruling by the court adverse to plaintiff on demurrers to plaintiff's replications to pleas 2, 3 and 7. At the stage of the pleading when the plaintiff declined to further plead on account of the adverse ruling, and judgment was entered by the court in favor of the defendant, there were two pleas on file, numbers 4 and 5, both of which went to the entire complaint, number 4 being a plea of payment, and number 5, the general issue. No demurrers were filed to these pleas, nor were there any replications filed thereto. They each set up a complete defense to the action brought by the plaintiff, and as long as these pleas remained, presenting a complete defense to plaintiff's action, the plaintiff could not, because of adverse rulings upon other pleas, refuse to take issue upon said pleas or otherwise reply to the same. The judgment rendered by the court on the refusal of the plaintiff to further plead will be referred to the sufficient pleas.—*Brown v. Commercial Fire Ins. Co.*, 86 Ala. 189; *Guilford v. Kendall*, 42 Ala. 651; *Clearwater v. Meredith*, 1 Wall. 25; *Zirkle & Moore v. Jones*, 129 Ala. 444.

The judgment is affirmed.