# Peck & Bro. *v.* Karter.

## *Action of Trover.*

1. *Pleading and practice; plea puis darrein continuance; proper award of costs.*—Where after pleading the general issue, a defendant in a cause interposes a plea of bankruptcy as a plea of *puis darrein continuance*, and to the plea of bankruptcy a demurrer is interposed, and upon the demurrer being overruled, the plaintiff declines to plead further, and the couit renders judgment against the plaintiff, it is proper for the court to adjudge against the plaintiff the costs incurred before the filing of the plea of bankruptcy.—(State *ex rel.* Sanche v. Webb, 110 Ala. 215, is, so far as conflicts with the princ'ple herein announced, overruled.)

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. OSCEOLA KYLE.

This was an action of trover brought by the appellants to recover damages for the wrongful conversion by the defendant of cotton. The defendant pleaded the general issue. Upon this plea the trial was had which resulted in a mistrial. After the mistrial and before the next term of the court the defendant interposed a plea of bankruptcy as a plea *puis darrein continuance,* in which he set up that the defendant had been duly and regularly adjudged a bankrupt and had received his discharge in bankruptcy. To this plea of bankruptcy the plaintiffs demurred upon several grounds. This demurrer was overruled, and as recited in the judgment entry, the "plaintiff refused to join issue on defendant's plea of bankruptcy, or to plead further in this case." Thereupon the court rendered judgment against the plaintiffs in favor of the defendant, and ordered and decreed that the "defendant have and recover of the plaintiffs costs in this suit in this behalf expended, for which let execution issue." From this judgment the plaintiffs appeal and assign as error the overruling of their demurrer to the plea of bankruptcy and the rendition of judg-

ment against the plaintiffs for costs incurred before the filing of the plea of bankruptcy.

J. B. BROWN, for appellants.—It affirmatively appears from the record in this case that the case was disposed of on defendant's plea *puis darrien continuance,* which confesses the case made by the complaint, and seeks to avoid a recovery by his discharge in bankruptcy, and it further affirmatively appears, that the case was not sent to a jury on the other issues in the case. It therefore follows that under section 1335 of the Code the plaintiff was entitled to recover all costs, accruing prior to the 15th day of Sept. 1902, the date of the filing of this plea. Code 1896 § 1335; *Dolberry v. Trice,* 49 Ala. 207; *Draper v. Walker,* 98 Ala. 310; *State, ex rel. v. Webb,* 110 Ala. 231.

CURTISS & HIPP, *contra.*—The general issue was a good plea to the complaint, and was tendered in the court below by the defendant, and not waived by plea since the last continuance. Code Sec. 3299. So long as there is a good plea to the whole action before the Court, the plaintiff cannot decline issue upon it without confessing it and thereby entitling defendant to judgment. *Andrews v. Hall,* 132 Ala. 320; *Brown v. Commercial Ins. Co.,* 86 Ala. 189; *Jesse v. Carter,* 28 Ala. 475-480; *Fireman's Ins. Co. v. Cathran,* 27 Ala. 228; *Tinkle & Moore v. Jones,* 129 Ala. 444. The overruling of the appellant's demurrers could not prejudice him, because his declining to join issue is an admission that he could not prove his complaint, and there being a good plea in the Court below, its judgment will be referred to the good plea.—*Andrews v. Hall,* 132 Ala. 320.

SIMPSON, J.—The second assignment of error is that "the court erred in rendering judgment against the plaintiff for the costs incurred before the filing of the plea of bankruptcy, which is a plea *puis darrein continuance.*"

The defendant had previously interposed the plea of the general issue, a demurrer was interposed to his

plea of bankruptcy, which demurrer was overruled. This then left the two pleas still standing, to-wit, the general issue, and the plea of bankruptcy, since the last continuance.

The appellant claims that the plaintiff should not have been. taxed with the entire costs, but that, under section 1335 of the code, the defendant should have been taxed with the costs which accrued previous to the filing of the plea of bankruptcy.

The section referred to provides that the defendant shall be taxed with the costs accruing previous to the special plea only when the defendant "fails on the plea to the merits," and the trouble with his contention is that the defendant did not fail on his plea to the merits, in this case, but, on the contrary, his plea to the merits being on file, and issue joined, and the plaintiff refusing to introduce any evidence to sustain his complaint, the plea of the general issue was necessarily sustained. In other words the reason and effect of section 1335, is that, where a plea since last continuance is interposed, if the evidence shows that, but for that special plea a judgment would have been rendered against the defendant he should pay the costs which accrued up to the time of the filing of said special plea, but, if, on the other hand, the evidence shows that there was merit in his plea of the general issue so that the plaintiff could not have recovered at any rate, then there is no reason why the plaintiff should not pay all of the costs of the case. *Andrews v. Hall, et al,* 132 Ala. 320; *Cross v. Esslinger,* 133 Ala. 409.

The case of *Breitling v. Marx,* 123 Ala. 222, is not exactly similar to this one, but, in so far as the doctrine therein may conflict with the foregoing cases it was pronounced erroneous in *Andrews v. Hall, supra.* In the case of *State ex rel Sanche v. Webb, et al,* 110 Ala. 215; the plea is not set out in full. Any remarks in that case, as to the proper practice, the court does not follow, but holds that as to the facts and proceedings shown by the record in this case, the law is as hereinbefore indicated.

[Louisville & Nashville R. R. Co. v. Kauffman & Co.]

The result is that, inasmuch as, under the pleading, and absence of proof, the plaintiff had no cause of action, consequently could not be injured by the action of the court in overruling the demurrer to the special plea, it is unnecessary to go into a discussion as to that matter.

The judgment of the court is affirmed.

McCLELLAN, C. J, TYSON and ANDERSON, J. J., concurring.


