for a case in which the defendant's attorney has been permitted to prosecute an appeal for the mere purpose of securing his fees, after the parties to the action have settled in good faith.

The order appealed from should be affirmed, with costs.   All concur.

---

(116 App. Div. 709)

### REED v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.   January 11, 1907.)

1. CARRIERS—PASSENGERS—INJURIES—ASSAULT BY EMPLOYÉ—WEIGHT OF EVIDENCE.

Evidence in an action against a carrier for an assault by one of its conductors upon a passenger *held* to show that the passenger was the aggressor.

2. SAME—LIABILITY FOR ASSAULT BY EMPLOYÉ IN SELF-DEFENSE.

A carrier is not liable for an assault upon a passenger by one of its employés acting in self-defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1123.]

Hirschberg, P. J., dissenting.

Appeal from Queens County Court.

Action by Hyland G. Reed against the New York & Queens County Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOOWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

George F. Hickey (William E. Stewart, on the brief), for respondent

JENKS, J.   In this case a passenger has recovered damages for an assault by the defendant's conductor.   During the carriage, an altercation arose over a demand for fare, which the passenger said he had already paid.   The altercation continued, both when the demand was repeated and when the passenger made a demand for a transfer ticket, which was refused on the ground of the nonpayment of fare.   When the car reached the transfer point, the passenger alighted and the altercation resulted in the alleged assault.   As witness to the occurrence, the plaintiff called one passenger and the defendant called the conductor and two passengers.   All save the plaintiff agree that after the passenger had alighted he used abusive or threatening words to the conductor, and attempted to take hold of his leg or legs when the conductor had begun to start or had started the car on its way.   All save the plaintiff agree that he finally succeeded in catching the conductor by his leg or legs, and three testify that he thus pulled the conductor off his car to the ground.   Then blows were interchanged and the combatants fell to the ground.   The plaintiff himself first testifies that, when he was on the ground and the conductor was on the car, he grabbed at the conductor's foot, and at that time the foot was raised to kick; but even the plaintiff, further on in his evidence, testifies:

"Q. When he started to start the car? A. I made a grab, and he raised his foot, and I grabbed for the foot, and the first thing I knew I got a punch in my face."

The very great preponderance of the evidence is that the plaintiff, after leaving the car, not only used abusive or threatening language, but was the aggressor in physical violence at a time when the conductor was about his business. There was an allegation that the assault was committed by some instrument, but none testified to this but the plaintiff, and he, when pressed by the court, admitted that he drew that as an inference from the wound received in the fight. But his physician finally testifies that such a wound might be produced by a clenched fist. And, moreover, there is evidence that the plaintiff was cut by falling upon the rails during the fight. In fine, the clear preponderance of proof indicates that the plaintiff was the aggressor, and that as the result of his assault a scuffle or a fight ensued, in which blows were exchanged. Both the combatants bore the marks of the battle, and neither was seriously injured. In N. O. & N. E. Railroad Co. v. Jopes, 142 U. S. 18, 25, 12 Sup. Ct. 109, 35 L. Ed. 919, the court, per Brewer, J., after discussing the justifiable use of force in the protection of passengers, say:

"But, if an employé may use force to protect other passengers, so he may to protect himself. He has not forfeited his right of self-defense by assuming service with a common carrier; nor does the common carrier engage aught against the exercise of that right by his employé. There is no misconduct when a conductor uses force and does injury in simply self-defense; and the rules which determine what is self-defense are of universal application, and are not affected by the character of the employment in which the party is engaged."

See the rule laid down in Weber v. Brooklyn, Q. C. & S. R. R. Co., 47 App. Div. 306, 309, 62 N. Y. S. 1, et seq.

I am not satisfied with the judgment, but think that there should be a new trial. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

A new trial is ordered, with costs to abide the event.

WOODWARD, RICH, and MILLER, JJ., concur. HIRSCHBERG, P. J., dissents.