# Culberson *v.* Empire Coal Company.

*Action for Damages for Assault and Battery.*

(Decided Feb. 13, 1908.    Rehearing denied July 3, 1908.
47 South. 137.)

1. *Carriers; Passengers; Assault on Passengers; Relation; Complaint.*—The averment in a complaint that the defendant corporation operated a railroad and engaged in carrying passengers for hire, and that plaintiff was a passenger on one of defendant's cars is a sufficient averment that plaintiff was a passenger and that deendant was a carrier of passengers for hire.

2. *Same; Duty to Protect Passengers; Duty of Servants.*—The carrier would be answerable to the passenger for the breach of. the duty of its servants if they could have prevented injuries to a passenger from an assault made by another passenger, by interfering to protect him, and knowingly or willfully failed to do so after knowledge of the danger to the passenger.

3. *Same; Complaint; Sufficiency.*—A complaint alleging that the conductor or other servants of the carrier knew of the impending danger to the plaintiff and knowingly failed or refused to protect him, and that such negligence on the part of the servants of the defendant resulted in injuries to the plaintiff, sufficiently avers that the servants could have prevented the injury complained of.

4. *Same; Duty of Carrier.*—The carrier's duty is to carry its passengers safely and properly and to treat them respectfully, and when it entrusts this duty to a servant it is responsible for the manner in which its servants execute the trust.

5. *Same.*—The duty is on the carrier to protect its passengers from violence and insult, and while it is not an insurer of the passenger's safety against every possible danger, it is bound to use such reasonable caution as human judgment is capable of to render the passenger safe and comfortable.

6. *Same.*—The carrier is under duty not only to protect its passengers against the violence and insults of its servants but also

[Culberson v. Empire Coal Co.]

against the violence and insult of other passengers, and if through the negligence or willful misconduct of the carrier's servants a passenger is assaulted and insulted, the carrier is liable.

7. *Same; Wrongful Conduct of Passenger; Assault in Self Defense.*—The rule being that the carrier is not liable for injuries inflicted on a passenger by its servants or passengers, where the injury is the result of the wrongful act or misconduct of the passenger injured, a carrier cannot be held liable for injuries received by a passenger in an assault made upon him in self defense.

8. *Same; Pleading; Negative Defensive Matter.*—It is sufficient if the complaint aver an assault; it need not go further and allege that the assault was not comimtted in self defense or that it was unlawfully made; such matter is defensive and so need not be negatived in the complaint.

9. *Negligence; Contributory Negligence; Pleading.*—Contributory negligence is defensive matter the non existence of which need not be averred.

10. *Appeal and Error; Review; Harmless Error.*—The fact that the defendant pleads the general issue puts upon the plaintiff the burden of proving his case and on failure to do so the defendant is entitled to a verdict; and where such is the case rulings on special pleas and replications are harmless.

11. *Same; Demurrer; Right to Complain.*—The fact that the plaintiff did not prove the complaint on which he went to trial does not deprive him of the right to complain of the erroneous sustaining of the demurrer to another court of his complaint since such action eliminated that court and deprived plaintiff of the chance to prove it.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by John M. Culberson against the Empire Coal Company for damages for an assault and battery committed upon him by other passengers while a passenger himself on one of defendant's cars. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The third count of the complaint was in the following language: "Plaintiff claims of defendant, the Empire Coal Company, a coporation, $50,000 damages, for that on, to-wit, the 2d day of October, 1905, the defendant was operating a railroad between Bergin and Empire, in Walker county, Ala., and was engaged in the business of carrying passengers for hire between said

C 27

points on said railway, and that on, to-wit, said day, plaintiff was a passenger on board one of the cars used by defendant for the carriage of passengers, and that George Ross and Joe Rainer were also passengers on said car, and that soon after the train had started on its way from Bergin to Empire the plaintiff was assault- ed and knocked, pushed, shoved, or precipitated from said train by the said George Ross and Joe Rainer, or by one of the said last-named parties, while the train was moving, and the said plaintiff as the result of the prem- ises had his skull cracked, bruised, etc.  [Here follows a number of special damages.]  And plaintiff avers that the conductor on said train, or some one or more of the servants or agents of the defendant in charge of said train, had knowledge of the danger that was impending to plaintiff, and was informed that said assault was im- pending, or had knowledge that it was necessary to in- tervene in order to protect plaintiff, and said conductor or said servant knowingly failed or refused to discharge the duty devolving upon him by interfering or interven- ing in order to protect the plaintiff, and such negligence on the part of such servants of defendant resulted in the injuries to the plaintiff.''

The following demurrers were filed to this count: ''Said count fails to allege any facts showing that the negligence of defendant's servants or agents was the proximate cause of the injury.  Said count fails to allege the character of the danger with which plaintiff was threatened by said Ross and Rainer.  There is no allega- tion in said count that plaintiff was without fault in bringing on the alleged assault, or that he was not the aggressor therein.  Said count does not allege in what way or manner the conductor was informed of the dan- ger to plaintiff, or that the assault with which he was threatened was of a dangerous character.  Said count

fails to allege in what the negligence of defendant's servants consisted. There is no allegation showing that defendant's servants were acting within the line and scope of their duty and authority at the time of the alleged injury."

M. L. LEITH and JOHN A. COLEMAN, for appellant.—
The court erred in sustaining demurrer to the 3rd count. —*K. C. M. & B. R. R. Co. v. Flippo*, 138 Ala. 487; *Bir. R. & E. Co. v. Baird*, 130 Ala. 334. The court erred in overruling demurrers to pleas 2 and 3 and 4 and 5.— *Central R. R. & B. Co. v. Smith*, 76 Ala. 572 and authorities supra.

CABANISS & BOWIE and BANKHEAD & BANKHEAD, for appellee.—The appellant is not in position to complain of the ruling of the court. There was the plea of the general issue on which issue was joined, and because a demurrer was sustained to special replications the plaintiff declined to plead further or offer any evidence. This entitled the defendant to a judgment.—*Cross v. Esslinger*, 103 Ala. 409; *Andrews v. Hall*, 132 Ala. 320; *Tobias v. Morris*, Ib. 267; *Zirkle v. Jones*, 129 Ala. 444; *Peck v. Carter*, 141 Ala. 668.

ANDERSON, J.—The third count of the complaint sufficiently averred that the plaintiff was a passenger and that the defendant was a carrier of passengers for hire. It also avers that the conductor or other servants of the defendant knew of the impending danger to the plaintiff from Ross and Rainer, and knowingly failed or refused to discharge the duty devolved upon them by interfering in order to protect the plaintiff, "and such negligence on the part of said servants of the defendant resulted in the injuries to plaintiff as aforesaid." If

[Culberson v. Empire Coal Co.]

the officers could have prevented the injuries to the plaintiff by intervening or interfering, and knowingly or willfully failed to do so, after knowing of the threatened danger, their failure to do so was a breach of duty to the plaintiff for which the defendant would be answerable. It is true the complaint should aver that the agents or servants could have prevented the injury complained of; but we think the averment that "such negligence on the part of the servants of the defendant resulted in the injuries of plaintiff as aforesaid" was sufficient. The negligence complained of was the failure to interfere after knowledge of plaintiff's threatened danger, and, if said negligence resulted in plaintiff's injury, then the injury could have, of course, been prevented by an interference. "The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully; and, if he intrusts the performance of this duty to his servants, the law holds him responsible for the manner in which they execute the trust. The law seems to be now well settled that the carrier is obliged to protect his passenger from violence and insult, from whatever source arising. He is not regarded as an insurer of his passenger's safety against every possible source of danger; but he is bound to use all such reasonable precautions as human judgment and foresight are capable of to make him passenger's journey safe and comfortable. He must not only protect his passanger against the violence and insults of strangers and co-passengers, but a fortiori against the violence and insults of his own servants. If this duty to the passenger is not performed, if this protection is not furnished, but, on the contrary, the passenger is assaulted and insulted, through the negligence or the willful misconduct of the carrier's servant, the carrier is necessarily responsible. And it seems to us it would be cause of profound regret

if the law were otherwise.' The same principles are declared in *Dwinelle v. N. Y. C. & H. R. R. Co.*, 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611, following *Stewart v. Brooklyn Railroad Co.*, 90 N. Y. 588, 43 Am. Rep. 185." *Birmingham Ry. & Elec. Co. v. Baird*, 130 Ala. 345, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43.

It is true that a passenger cannot hold a carrier responsible for injuries by a servant or fellow passenger, if said injury was the result of his own wrong or misconduct. The law is intended to protect the innocent. If the act of the assailant be lawful, whether by a servant of the carrier or another, the carrier would not be liable. A carrier is not liable for an assault made upon a passenger in self-defense. Ry. Neg. of Imposed Duties, p. 371, § 114; Hutchinson on Carriers, vol. 2, § 980; *Lake Erie R. R. v. Arnold*, 26 Ind. App. 190, 59 N. E. 394; *Scott v. Central Park R. R.*, 53 Hun. 414, 6 N. Y. Supp. 382; *N. O. & N. E. R. R. v. Jones*, 142 U. S. 18, 12 Sup. Co. 109, 35 L. Ed. 919. But the fact that the assault was committed in self-defense and was brought on by the misconduct of the plaintiff is defensive matter, and the complaint does not have to allege the fact that the assault was not in self-defense or that it was unlawfully made. The complaint is sufficient if it avers an assault.—Code 1896, § 3352, form 18. *Lake Erie v. Arnold, supra*, decided by the Indiana Court of Appeals, holds a contrary doctrine and is not in conformity with the weight of authority and our own system of pleading. The opinion treats the plaintiff's conduct as contributory negligence, and holds that the plaintiff should aver his freedom from contributory negligence. Clearly contributory negligence is, under our system of pleading, defensive matter, the nonexistenec of which need not be

averred in the complaint. The trial court erred in sustaining the demurrers to the third count of the complaint.

The record shows that the defendant, among other pleas, filed the general issue, to which there was no demurrer, and upon which the plaintiff took issue. The plaintiff declined to plead over after the ruling of the trial court upon the demurrer to the special pleas and the replications thereto, and offered no evidence in support of his complaint. The general issue having put upon him the burden of proving his complaint, which he failed to do, the trial court was authorized to render a judgment for the defendant. This being true, the rulings of the trial court upon the special pleas and replications could be of no benefit or detriment to him.—*Peck & Bro. v. Karter,* 141 Ala. 668, 37 South. 920; *Andrews v. Hall,* 132 Ala. 320; *Tobias v. Morris,* 132 Ala. 267, 31 South. 498; *Cross v. Esslinger,* 133 Ala. 409, 32 South. 10; *Zirkle v. Jones,* 129 Ala. 444, 29 South. 681; *Brown v. Insurance Co.,* 86 Ala. 189, 5 South. 500. The case of *Breitling v. Marx,* 123 Ala. 222, 26 South. 203, was overruled in the case of *Andrews v. Hall, supra;* and the case of *State ex rel. v. Webb,* 110 Ala. 215, 20 South. 462, was explained and qualified in the case of *Peck & Bro. v. Karter, supra.* These conditions, however, did not preclude the plaintiff from complaining of the action of the court in sustaining the demurrers to the third count of his complaint, as it had, by the action of the court, been eliminated, and the plaintiff had no chance to prove same.

For the error above designated, the judgment of the county court must be reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.