it would be wasteful to hire a car to go for short travel and keep it waiting for hours while the commissioners are detained in examining the property. Such use would be unreasonable. But the affidavit for the commissioners shows that the use of the automobiles was reasonable; Justice Tompkins so found, and the corporation counsel gives us no advice to the contrary, but stands on the inquiry whether the employment of an automobile is a legal expense. We decide that the expense is not by law prohibited, but the abuse of the facility is. The court in each instance searches the question of proper use, and so just employment of this later means of travel becomes available.

The order is affirmed, with $10 costs and disbursements.

---

BAKER v. BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. CARRIERS (§ 283*)—CARRIAGE OF PASSENGERS—ASSAULT BY EMPLOYÉ.

Though a passenger applied a vile and insulting epithet to a servant of a carrier, it does not excuse the carrier from liability for an assault by the servant, unless the passenger used the language with intent to bring about the assault.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1119–1124; Dec. Dig. § 283.*]

2. TRIAL (§ 253*)—PROVINCE OF JURY—INSTRUCTIONS—IGNORING ISSUES.

In an action against a carrier, where it was a question for the jury whether the plaintiff, while a passenger, applied an insulting epithet to one of the carrier's servants for the purpose of bringing on an assault, it was erroneous for the court to instruct the jury that if they believed the plaintiff's version they must find for plaintiff, and if they believed defendant's they must find for defendant, as it failed to submit the question previously mentioned, and relegated the jury to be but triers of the credibility of the witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by August Baker against the Brooklyn Union Elevated Railroad Company. From an order setting aside a verdict for plaintiff and granting defendant a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Wilson & Wilson, for appellant.

James W. Carpenter, for respondent.

JENKS, P. J. This is plaintiff's appeal from an order of the Municipal Court setting aside his verdict and affording a new trial upon defendant's motion made upon section 999 of the Code of Civil Procedure and section 254 of the Municipal Court Act (Laws 1902, c. 580).

[1] The specific ground of the order is not stated. The action is by passenger against a common carrier of persons for an assault and

battery by its servant. It is undisputed that the plaintiff applied a vile and insulting epithet to the servant, who thereupon dealt a blow to the plaintiff. Such language, or any vile or insulting language, did not justify violence, and such common carrier could be held liable therefor (Stewart v. Brooklyn & Crosstown R. R. Co., 90 N. Y. 588, 43 Am. Rep. 185), unless the jury determined that the plaintiff used provoking language with the intent to bring about the assault and battery (Weber v. Brooklyn, Queens County & Suburban R. R. Co., 47 App. Div. 306, 62 N. Y. Supp. 1). Although the language did not in terms directly invite the violence, its character was such as to present the question whether it was not used with the intent to provoke it. For this reason I think that the learned court erred in its refusal to instruct the jury within the exception noted in Weber's Case, supra.

[2] And, if there was such question, then the learned court also erred in instructing the jury that if they believe the plaintiff's version or story they must find for the plaintiff, and if they believe the defendant's story they must find for the defendant, for thereby the court relegated the jury to be but triers of the credibility of the witnesses. Kellegher v. Forty-Second St., M. & St. N. Ave. Ry. Co., 171 N. Y. 309, 63 N. E. 1096.

The order is affirmed, with costs. All concur.