HELENE BROCKWAY et al., Plaintiffs, *v.* JOHN MORDENTI et al., Defendants.

Supreme Court, Trial Term, Queens County, March 28, 1951.

*Edward R. Shultz* for plaintiffs.

*E. Edan Spencer* for defendants.

CONROY, J. The plaintiffs seek damages for injuries sustained by them when they were assaulted by the operator of a taxicab in which they were passengers. Both the operator and the owner of the taxicab have been made defendants to this action.

According to the testimony, the plaintiffs, who were returning from work at " Roseland " in the midtown section of the

borough of Manhattan, observed the defendants' vacant taxicab at a standstill. They walked over, opened the door and sat down. The operator asked them where they wished to go. When they answered Astoria, Queens County, he replied that he had already worked fifteen hours and that he was not going to take them to Astoria. One of the girls told him that the other was ill; he still refused. Whereupon, he was told to drive to the nearest police station. Instead of doing so, the operator himself admitted getting out of the cab, opening the rear door and telling the plaintiffs to get out. The plaintiffs' testimony, however, is that he pushed them, tore their clothing and that when again demanded that he take them to a police station he failed to do so immediately.

The desk lieutenant of the police station testified that upon the plaintiffs' arrival, he observed that one girl had a black eye and the clothing of both was torn and disheveled. He demanded that the operator explain his conduct, whereupon the latter stated that he had been working fifteen hours, that the plaintiffs wanted him to go to Astoria, and that he refused. Thereupon, he admitted getting out of the cab, opening the rear door and trying to get his passengers out " in a nice way." When the lieutenant was about to take the details for his blotter, he learned that the incident complained of had taken place in a locality over which another police station had jurisdiction, whereupon he assigned a policeman to accompany the plaintiffs and the taxicab driver to that station.

The court is convinced from all of the evidence adduced at the trial that the plaintiffs have established their case by a fair preponderance of the credible evidence. The court gives no credence to the testimony of the taxicab driver that he attempted to get the plaintiffs out of his cab " in a nice way "— he used force, struck each of them and tore their clothing, and should be held accountable as should also the owner of the taxicab.

The owner urges that the assault, if it was committed, was not within the scope of employment and was not in furtherance of its business, relying on the holding in *Oneta* v. *Tocci Co.* (271 App. Div. 681, affd. 297 N. Y. 629). That case, however, is distinguishable on its facts and did not, as here, involve a public conveyance. A taxicab comes within the definition of a common carrier. (*Anderson* v. *Fidelity & Cas. Co. of N. Y.,* 228 N. Y. 475.) Such a carrier is bound to protect its passengers from any injury arising from the willful misconduct of its servants while engaged in performing the duties which the

carrier owes to its passengers. It is absolutely responsible for any act of violence committed upon the person of the passenger by one of its employees engaged in its duties, notwithstanding that such act may have been willful or malicious on the part of the servant, unless, of course, the act was brought about by the passenger. (*Stewart* v. *Brooklyn & Crosstown R. R. Co.*, 90 N. Y. 588.)

The Appellate Division, Second Department, has stated in *Weber* v. *Brooklyn, Queens Co. & Suburban R. R. Co.* (47 App. Div. 306, 309) as follows: " The conductor cannot rightfully assault the passenger merely because the passenger has insulted him or otherwise provoked him by mere words; and if he does assault the passenger by reason of such provocation only, unaccompanied by any threats or acts of personal violence, the railroad company will be liable for the consequences of the assault under the well-established rule which protects passengers against the misconduct of a common carrier's servants."

The foregoing applies with equal force to the instant case. The defendant taxicab driver had no right to expel the plaintiffs from his cab by force, merely because he was unwilling to take them to their destination in Astoria, because, as he claimed, he had already worked some fifteen hours. He was not averse apparently to having them as passengers, else he would not have asked them where they wished to go. He just did not want to cross the bridge to Queens County. His remedy was to go to the nearest police station, as, indeed, they wished him to. Instead, he admittedly alighted from the taxicab and " tried to get them out " according to him " in a nice way ", but according to the facts as adduced at the trial, in the worst way, by the use of force. Under these circumstances, both he and his employer should be held responsible for the damages the plaintiffs sustained as a result of the aforementioned misconduct.

Each plaintiff will, accordingly, have judgment against both defendants for the sum of $500.