## Cross *v.* Esslinger.

*Action for Statutory Penalty.*

1. *Pleading and practice; error without injury; appeal.*—Where in the trial of a case after the plaintiff's demurrers to special pleas are overruled, and his replications to the special pleas are stricken from the file, he declines to take issue on the special pleas and takes issue on the plea of the general issue, but introduced no evidence in support of his complaint, any error in the rulings of the court on the pleadings are without injury, and he can not have such rulings reviewed on appeal.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. O. KYLE.

This suit was brought by the appellant, J. C. Cross, against the appellee, B. F. Esslinger, to recover the statutory penalty under section 1065 of the Code of 1896, for failure to mark partial payment on the margin of the record of a mortgage, after request in writing. The defendant pleaded the gneral issue and two special pleas, Nos. 2 and 3. The plaintiff demurred to these pleas, which demurrers were overruled. Thereupon the plaintiffs filed several replications to the second and third pleas. The defendant moved the court to strike these replications from the file upon the ground that they present no facts that could arise on the joinder of issue upon the pleas to which the replications were filed, and because said replications were no answer to the said pleas. The court sustained this motion and ordered the replication stricken from the file. The

judgment entry recites: "Plaintiff declining to plead further and no evidence being taken, issue being joined upon the plea of the general issue, thereupon comes a jury," etc.

Judgment was rendered 'in favor of the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence.

J. H. BALLENTINE, for appellant.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The appellant is in no plight to have this court review the rulings of the circuit court on his demurrer to the special pleas and on the motion of defendant to strike his replications to said special pleas. The demurrer to the special plea having been overruled, and the replications to said pleas having been stricken, there was left in the case defendant's pleas of the general issue and special pleas 2 and 3. Plaintiff then declined to take issue on the special pleas and took issue on the plea of the general issue. Whereupon a jury came, but, as the judgment entry shows, *the plaintiff offered no evidence* in support of his complaint, and verdict of course went for the defendant on the plea of the general issue, and judgment was entered accordingly. The plaintiff should have taken issue not only on the plea of the general issue, but also on the special pleas, and should have proved his complaint under the general issue and thereby put the defendant to proof of the special pleas. It is of no consequence that the plaintiff considered that the defendant would recover on the special pleas, however fully the case might be made out for plaintiff on the general issue. The circuit court could not know this in the absence of evidence, nor can we. The case stands here essentially as if the plaintiff had declined to take issue on the plea of the general issue as well as upon the special pleas, and the legal presumption in both cases is that the plaintiff could not prove the cause of action laid in the complaint, that the defendant was entitled to judgment on his denial of that cause of action—the general issue;

and the conclusion is that, inasmuch as plaintiff had no cause of action, he was in no sense or degree injured by the rulings on the demurrer to the special pleas and the motion to strike the replications, be those rulings never so erroneous.—*Andrews v. Hall et al.* 132 Ala. and cases there cited.

Upon the foregoing considerations, the judgment of the circuit court must be affirmed.