# Andrews v. Hall, *et al.*

## *Action for Breach of Bond.*

[Decided January 22, 1902.]

1. *Pleading and practice; error without injury in ruling on pleading; effect of plaintiff's declining to plead further on the overruling of demurrers to special pleas.*—Where defendant pleads the general issue in connection with several special pleas, and plaintiff, upon the overruling of his demurrers to the special pleas, declines to plead further and suffers judgment to go against him,—plaintiff will be held to have confessed that he could not prove the averments of his complaint, and the overruling of his demurrers to such special pleas, if error, is error without injury.—(Overruling *dictum* in *Breitling v. Marx*, 123 Ala. 222.)

2. *Same; confession of plea by declining issue on it.*—So long as there is a good plea to the whole action before the court the plaintiff cannot decline issue upon it without confessing it and thereby entitling defendant to judgment.—(Overruling *dictum* to the contrary in *Breitling v. Marx*, 123 Ala. 222.)

[Andrews v. Hall, *et al.*]

APPEAL from Henry Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
The opinion shows the material facts.

ESPY, FARMER & ESPY, for appellant, cited *Breitling
v. Marx,* 123 Ala. 222.

BENJ. F. REID and H. A. PEARCE, *contra,* cited *Wads-
worth v. Hodge,* 88 Ala. 500; *Brown v. Commercial Fire
Ins. Co.,* 86 Ala. 189; *Zirkle et al. v. Jones,* 29 So. Rep.
681; *Clearwater v. Meredith,* 1 Wallace 25.

McCLELLAN, C. J.—Action by Andrews on a bond
executed by him to Hall as principal and Dawsey and
Bunting as sureties.   The bond was conditioned for
faithfulness on the part of Hall as the agent of An-
drews, for the paying over of moneys received by Hall
for Andrews, etc., etc.   The complaint alleges that Hall
failed to pay Andrews five hundred and fifty dollars re-
ceived by him for Andrews or for which he was liable
on the bond to Andrews.   All the obligors were sued.
They jointly pleaded the general issue.   Dawsey and
Bunting interposed a special plea claiming that they
had been released as sureties by an extension of time
of payment to their principal, Hall.   And Dawsey sep-
arately (probably after the case had been discontinued
as to Bunting, he having died,) pleaded, first, in effect
that his signature to the bond had been procured by
fraud, and, second, that the instrument had been mate-
rially altered after its execution by him.   To the spe-
cial plea of Dawsey and Bunting and to the special
separate pleas of Dawsey, the plaintiff interposed de-
murrers.   These the court severally overruled.   And
thereupon the plaintiff declined to plead further and
judgment was entered for the defendants.   From that
judgment this appeal is prosecuted, and we are asked
to review the rulings of the court on the demurrers to
the special pleas.
   The declination of the plaintiff to plead further on
the overruling of the demurrers to the several special
pleas involved a failure and refusal on his part to take
issue on the plea denying the allegations of the complaint

21s

[Andrews v. Hall, *et al.*]

—the general issue—interposed by all the defendants. This was the legal equivalent of a confession of that plea, authorizing and requiring judgment for the defendants upon it. So upon the overruling of the demurrers to the special pleas, not only those pleas but that of the general issue also were in the case. If plaintiff could not meet the general issue—could not prove the averments of the complaint which were denied on the part of all the defendants by the plea of the general issue— he could not have recovered in any event. The sustaining of his demurrers to the special pleas could not have helped him. The overruling of them could not have prejudiced him. That he could not meet the general issue by proving the averments of his complaint is concluded by his declination to join issue upon this plea along with the rest—his declination to plead over. As he could not prove his case as laid, the action of the court upon the demurrer involved no injury to him, and whether erroneous or not furnishes no ground for a reversal of the judgment. The same results would ensue had there been only the special pleas in the case and any one of them was good. So long as there is a good plea to the whole action before the court, the plaintiff cannot decline issue upon it without confessing it and thereby entitling the defendant to judgment. The principle has been several times declared by this court. *Fireman's Ins. Co. v. Cothran & Co.*, 27 Ala. 228; *Jesse v. Carter*, 28 Ala. 475, 480; *Brown v. Commercial Fire Ins. Co.*, 86 Ala. 189, 195; *Zirkle et al. v. Jones*, 29 So. Rep. 681, citing *Clearwater v. Meredith*, 1 Wall. (U. S.) 25. In the case of *Breitling v. Marx*, 123 Ala. 222, 226, there is an expression not in line with the foregoing views. What was there said in this connection was foreign to the question involved on that appeal, a *dictum* of the writer of that opinion (who is also the writer of this), is erroneous and not to be followed.

Affirmed.