# Watson *v*. Birmingham Railway Light & Power Co.

*Action for Damages for Injury.*

(Decided April 20, 1907.   43 So. Rep. 732.)

*Appeal; Pleading; Demurrer; Harmless Error.*—To an action for negligent injury defendant filed the general issue and several special pleas. Defendant's demurrer to one of the special pleas was overruled and he filed a replication thereto. Demurrer was sustained to his replication and plaintiff declined to plead over and judgment was rendered for the defendant. By declining to plead further defendant declined to take issue on the plea of the general issue which was a legal equivalent of a confession of the plea' of general issue authorizing and requiring judgment for defendant and the other rulings on the pleadings, if error, were harmless.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Charles W. Watson against the Birmingham Railway, Light & Power Company, Judgment for defendant, and plaintiff appeals. Affirmed.

This was an action for injury on account of negligence. The only matter brought to the attention of the court is the pleadings, and plaintiff's declination to plead over, and its results, all of which sufficiently appear in the opinion.

FRANK S. WHITE & SONS, and A. O. LANE, for appellant.—Counsel discuss the action of the court upon the pleadings and cite authorities to sustain their contention of error but do not discuss the propositions decided in the opinion.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.—Counsel discuss the case as presented on the appeal citing authorities to sustain the court's action thereon, but cite no authorities on the points decided in the opinion.

[Watson v. Birmingham Railway Light & Power Co.]

DENSON, J.—There are four counts in the complaint. The first three count for recovery on simple negligence, while the fourth, which was added by amendment, counts for recovery on wanton misconduct. The defendant filed pleas 1, 2, 3, 4, A, B, C, and D. Pleas 2, 3, and 4, were withdrawn. Plea 1 is the general issue, addressed to all the counts. A and B were addressed to all the counts, but demurrer was sustained to them as answers to the fourth count, so finally they were limited to the first, second, and third counts. Pleas C and D were addressed to the fourth count alone. A demurrer to plea D was overruled, and the plaintiff filed special replications, 1, 2, 3, 4, and 5, demurrer to which was sustained. The plaintiff declined to plead further, and judgment was rendered for the defendant.

We are now asked to review the rulings of the court on the demurrers to special plea D and to the special replications. "The declination of the plaintiff to plead further on the sustaining of the demurrers to the several special replications involved a failure and refusal on his part to take issue on the plea of not guilty—the general issue—interposed to all the counts. This was the legal equivalent of a confession of that plea, authorizing and requiring judgment for the defendant upon it. So, upon the overruling of the demurrer to special plea D, and the sustaining of the demurrers to the replications to pleas A and B, not only those pleas, and pleas D and C, but that of the general issue, were in the case. If the plaintiff could not meet the general issue—could not prove the averments of the complaint which were put in issue by this plea—he could not have recovered in any event. The sustaining of the demurrer to plea D, and the overruling of the demurrers to the special replications to pleas A and B, could not have helped him. The overruling of the demurrer to plea D, and the sustaining of the demurrers to the special replications could not have prejudiced him. That he could not meet the general issue by proving the averments of the complaint is concluded by his declination to join issue upon his plea along with the rest—his declination to plead over. As he could not prove his case as laid,

the action of the court upon the demurrers involved no injury to him, and, whether erroneous or not, furnishes no ground for a reversal of the judgment."—*Andrews v. Hall, et al.*, 132 Ala. 320, 31 South. 356; *Cross v. Esslinger*, 133 Ala. 409, 32 South. 10.

No error of which appellant can complain having been shown, the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.

*Action for Damages for Injury to Passenger.*

