# Casey *v.* Bryce.

*Bill to Enjoin Taking Possession of the Office of
Sheriff.*

(Decided June 16, 1911.   55 South. 810.)

1. *Evidence; Judicial Notice; Public Records.*—The issuance of a
commission to a public officer by the Governor is a public act of
public record of which the courts must take judicial notice.

2. *Same.*—The courts take judicial notice of the declared results
of a general election and of the fact that one has been declared
elected to the office of sheriff of a county and has received the Gov-
ernor's commission.

3. *Same; Conclusiveness.*—The courts take judicial notice of mat-
ters of public record and the facts disclosed by such records are
conclusive.

4. *Officers; Title to Office; Certificate of Election.*—A commission from the Governor based on a certificate of election, confers prima facie title to the office, and entitles one duly qualified holding such commission to enter on the discharge of the office; hence his title under such conditions is conclusive until determined on statutory contest, and no inquiry as to his title to the office will be entertained in any collateral proceedings.

5. *Same; Right of Outgoing Officer; Injunction.*—An officer whose term of office is about to expire cannot bring a bill in equity to prevent one who has received a certificate of election and a commission from the Governor to occupy said office, from taking possession of said office pending a contest brought by his opponents to determine his right thereto.

6. *Same; Bill; Sufficiency.*—An outgoing officer may not sue for an injunction to restrain a candidate who has a certificate of election and a commission from the Governor, from taking the office to which his commission entitles him, and an allegation in a bill by an outgoing officer that a third person, who was a candidate for the office, has instituted a contest of the election of such commissioned officer; according to the statutes, shows that such candidate has been declared elected to the office and is entitled to a commission from the Governor, and in the absence of a contrary allegation it will be presumed that a commission has been issued in due course.

7. *Same; Right of Incumbent; Injunctive Relief.*—Equity will protect by injunction the incumbent of a public office against the intrusion of an adverse claimant out of possession and whose title has not been established; but to obtain such relief the complainant must show a continuing prima facie right to occupy the office, or show prima facie that there is no other person authorized by law to hold the office.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by A. J. Casey, the outgoing sheriff of Cullman County, against C. W. Bryce, the sheriff declared elected and commissioned, to enjoin him from taking charge of the office of sheriff of Cullman County. From a decree sustaining demurrers to the bill and dissolving the temporary injunction on the denials to the answer, complainant appeals. Affirmed.

KYLE & HUTSON, for appellant. The facts stated in the bill must on the motion and demurrers be taken as true.—*First Ave. C. & L. Co. v. Johnson,* 54 South. 599. These facts show appellant to be a de jure officer. 29 Cyc. 1399; 18 A. Rep. 321. If not a de jure officer, he

certainly is a defacto officer.—*Casey v. State*, 76 Ala. 85; *Stephens v. Davis*, 39 South. 831; *Heath v. State*, 36 Ala. 276. This being true, he holds until his succes-sor is elected and qualified, and the office does not be-come vacant on the expiration of his term.—*Plowman v. Thornton*, 52 Ala. 599; sec. 1464 Code 1907; 30 Am. St. Rep. 208; 22 Am. St. Rep. 629; Mecham on Public Offices, secs. 128-397. As the bill was filed before Jan-uary 16, 1911, and as it alleges that the defendant was not elected sheriff of Cullman County on November 8, 1910, these allegations must be taken as true on the de-murrer and motion to dismiss, and there cannot, and could not have been a legal vacancy in said office.—48 N. E. 1025, 5 Pom. Eq. sec. 235; 86 Am. St. Rep. 215; 47 Ohio St. 570; 22 Cyc. 887; 6 South. 507. Under these authorities and under the authority of *Driver v. Fort-ner*, 5 Port. 9; *Rice v. Eisman Bros.* 122 Ala. 348, and 2 High on Injunctions, sec. 1215, the bill must be held to contain equity. Where the question arises incidentally in a suit in which the court has rightful jurisdiction, and the granting of relief depends upon its decision, a chancery court will pass upon the question of an elec-tion.—*Crow v. Florence I. & C. Co.*, 143 Ala. 543; *Na-than v. Tompkins*, 82 Ala. 437; *Perry v. Tuscaloosa*, 93 Ala. 364.

J. B. BROWN and F. E. ST. JOHN, for appellee. The allegation of the bill brings the case clearly within the condemnation of section 459 Code 1907. Independent of the statute, however, the incumbent of a public office cannot invoke the powers of the court of equity to en-join another who holds a certificate of election to such office from using such certificate, which is conclusive of his right to the office against all persons except such as have a right under the law to contest the election, and

even as to them, such certificate is prima facie evidence, and casts the burden on the one questioning the right.— *Moulton v. Reed,* 54 Ala. 323; *Little v. City of Bessemer,* 138 Ala. 128; *Goodwin v. Sate,* 145 Ala. 399. The bill shows that the election has already been held; that the candidates for the office are contesting the election, and that respondent was declared elected to the office and has received his commission therefor, and hence complainant cannot urge that the perquisities thereof are probable, and that hence he is entitled to protection. —*Moulton v. Reed,* supra; *Gulf Compress Co., v Harris,* 158 Ala. 351; *Deegan v. Neville,* 127 Ala. 417. If complainant has any right, he has a complete and adequate remedy for its protection under sections 5450-5452 Code 1907.—Authorities supra. The complainant fails to bring his case within any principle of equity jurisdiction, and hence the action of the lower court will be affirmed.—*Terrell v. South. Ry. Co.,* 164 Ala. 433.

SOMMERVILLE, J.—This is a bill filed by the appellant, A. J. Casey, on January 12, 1911, seeking to enjoin the appellee, C. W. Bryce, from taking possession of the office of sheriff of Cullman county, or any of the paraphernalia thereof, and from interfering in any manner with complainant's possession of said office until a judicial determination of said Bryce's right to do so.

The bill shows that the complainant, Casey, was elected to the office of sheriff of Cullman county in 1906, and was the legal incumbent thereof for the term ending on January 16, 1911—a fact of which all courts must take judicial notice. It further shows that, within 15 days after the result of the general election of November, 1910, was declared, one C. C. Scheuing instituted a contest, in accordance with the law, against the said C. W. Bryce, for the office of sheriff of Cullman county, which contest was then pending in the probate court.

The real gravamen of the bill seems to rest upon the notion that, as complainant is entitled to hold office until his successor is elected and qualified, he is therefore entitled to hold until this contest between Scheuing and Bryce is settled by the judgment of the probate court; and that, if Bryce, who "pretends" that he is entitled to the office, be allowed to enter into the office, as he is threatening to do, complainant will suffer irreparable injury, in that Bryce will get the fees and emoluments of the office and complainant will lose them. The bill avers, on information and blief, that Bryce was not elected to the office, which averment, however, construed in conection with the averment that Scheuing had filed a contest of Bryce's election "duly instituted in all respects as required by law," can only mean that the pleader's conclusion is that Bryce was not *legally* elected. A temporary writ of injunction was issued in accordance with the prayer of the bill.

The respondent Bryce answered the bill under oath, setting up that he was elected to the office at said election, which result had been regularly and duly declared by the authorized officers, and that he had been commissioned, and had qualified by filing his bond and taking the oath of office. A copy of the respondent's commission from the Governor, dated November 28, 1910, is attached as an exhibit to his answer. In the answer there was incorporated a demurrer to the bill for want of equity; and a motion was filed to dissolve the injunction for want of equity in the bill, and also upon the denials of the answer. The chancellor sustained the demurrer; and granted the motion to dissolve the injunction on the denials of the answer, and the appeal is from this decree.

1. The issuance of a commission to a public officer, by the Governor of the state, being a public act of pub-

lic record which is prescribed by law, must be judicially noticed by courts.—*White v. Rankin,* 90 Ala. 541, 8 South. 118; *Sandlin v. Anderson,* 76 Ala. 403; *Cary v. State,* 76 Ala 78. The declared result of a general election is also a matter of judicial knowledge.—4 Wigmore on Ev. § 2577, note 3. We therefore judicially know, as did the chancery court, that C. W. Bryce was duly declared elected to the office of sheriff of Cullman county at the general election of November, 1910, and that a commission was duly issued to him therefor by the Governor of the state on November 28, 1910.

In *White v. Sandlin,* supra, it is said: "The clerk being a commissioned officer the court was authorized and bound to take judicial knowledge that he was clerk, and also of his term of office, when it commenced, and when it expired. If the cognizance extends beyond actual knowledge, the judge may resort to any authoritative sources of information, and inform himself of the fact in any way he may deem best in his discretion; but he is not required to receive oral evidence to disprove a fact, the existence of which is judicially known to the court." And in *Cary v. State,* supra, it is said: "The dates of these commissions are matters of public record in the executive department of the state government, being accessible to inquiry by all who may be concerned, and the law fixes the duration of each official term."

A commission from the Governor, issued on a certificate of election, confers a clear prima facie title to the office, entitling the person commissioned, after due qualification, to enter upon the discharge of the duties of the office; and his title is conclusive until the ultimate right to the office is determined on quo warranto (or now on statutory contest); and no inquiry as to the truth or falsity of the certificate upon which the commission is based can be entertained in any mere collateral proceed-

ing.—*Plowman v. Thornton,* 52 Ala. 559; *Moulton v. Reid,* 54 Ala. 320.

It results that judicial knowledge of matters of public record, fixed and certain as they are, is not only compulsory upon the court, but is also conclusive of the fact and exclusive of ulterior inquiry.

It is evident, then, that in considering the allegations of complainant's bill, and determining upon its equity, the chancery court could not close its eyes to the publicly recorded fact that Bryce was the regularly commissioned sheriff-elect of Cullman county, and was bound to reckon with that fact as though it were solemnly alleged in the bill. In this connection, it is proper to say, we aprehend that this consequence of the rule of judicial notice does not follow as to ordinary matters not of record, and not fixed and certain.—4 Wigmore on Ev. § 2567.

The bill of complaint, thus viewed, presents a singular and sinister aspect. It proposes, not that the chancery court shall consider or determine the merits of the pending contest, but that, so long as that contest remains undetermined, the complainant shall be allowed to occupy the office and harvest its perquisites to his own use. And it asks the mandatory aid of a court of chancery to keep in office one whose lawful term has expired, and to keep out one who has been duly elected thereto and commissioned therefor; in other words, to halt him upon the threshold, and command him to wait until the claims of his competitor, a stranger to complainant, have been disproved.

There is not, and cannot be, any such right in an outgoing public officer, and we are cited to no principle of law that even tends to support the proposition.

2. But, if we consider the bill of complaint without the aid of judicial knowledge at all, the result is the

same. It shows a contest, instituted by Scheuing, of Bryce's election to the office, "duly instituted in all respects according to law." This must mean, ex vi terminorum, that Bryce has been declared elected to the office by the duly authorized election officers; and it follows that he was entitled to a commission from the Governor, and it will be presumed, at least in the absence of express denial, that a commission was issued to him in due course.

3. We do not controvert the proposition of law so vigorously argued by complainant's counsel that in proper cases a court of chancery will by injunctive process protect the incumbent of an office against the intrusion of adverse claimants out of possession, and whose title is not yet established. This principle is well established, and is supported by many text-writers and cases.—2 High on Inj. (2d Ed.) § 1315; 5 Pom. Eq. Jur. § 335, and cases cited; *Guillotte v. Poincy,* 41 La. Ann. 333, 6 South. 507, 5 L. R. A. 403. But an examination of these authorities will show that the essential condition to injunctive relief is the complainant's continued prima facie right to occupy the office, or a prima facie showing that there is no other person as yet authorized by law to do so, and an adversary claim as between the complainant and the respondent

If it be conceded, for the sake of the argument, that the bill in this case shows that Bryce was not elected sheriff, and has no right to occupy the office as such, yet complainant fails to bring himself within the protection of the equitable principle above stated, because he does not show that some legally authorized person will not appear and qualify upon the expiration of his own term, nor that there is no such person; and hence he does not show any right in himself to remain in the office. He shows there was an election, and that some

[Casey v. Bryce.]

person, other than himself, was unquestionably entitled to the office. In such a case he cannot appear as the guardian and protector of the true claimant, whoever he may be, and vicariously appropriate the valuable perquisites that should inure to the other.

4. Section 459, Code 1907, is as follows: "No jurisdiction exists in or shall be exercised by any chancellor, chancery court, or any officer exercising chancery powers, to entertain any cause or proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process, order, or decree from any chancellor, chancery court, or officer in the exercise of chancery powers, whereby the results of any election are sought to be inquired into, questioned, or affected, or whereby any certificate of election is sought to be inquired into, or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void, and shall not be enforced by any officer or obeyed by any person; and should any chancellor or other officer hereafter undertake to file, or in any wise deal with any person for disobeying any such prohibited injunction, process, order, or decree, such attempt shall be null and void, and an appeal shall lie forthwith therefrom to the Supreme Court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given of such appeal shall be five days."

It may be, as argued by counsel for the appellee, that by the injunctive process here invoked the results of an election are *questioned or affected,* within the inhibition of this statute. We prefer, however, to place our conclusions upon the simpler and surer grounds above discussed.

5.   In view of what has already been said, it is not necessary to discuss the decree of the chancellor sustaining the motion to dissolve the injunction.   It was fully justified, not only for want of equity in the bill, but also by reason of the sworn denials and showings of the answer, which completely refuted the alleged equity.

The decree of the chancellor is accordingly in all things affirmed.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.