BEAL *v.* STATE.

[66 South. 985.]

1. CRIMINAL LAW. *Venue. Judicial notice. Common knowledge. Evidence. Sufficiency. Justice of the peace.*

A justice of the peace not only holds a commission from the governor, but is a judge of a court of record, and the circuit court knows judicially the justices of the peace of a county and their several districts.

2. CRIMINAL LAW. *Venue. Evidence. Sufficiency.*

Venue is sufficiently established by proof of the commission of the crime within the district of a designated justice of the peace.

APPEAL from the circuit court of Coahoma county.

HON. W. A. ALCORN, Judge.

J. M. Beal was convicted of selling intoxicating liquors and appeals.

The facts are sufficiently stated in the opinion of the court.

*Cutrer & Johnston,* for appellant.

The jurisdiction of a justice of the peace is limited to the bounds of his district. Code 1906, section 2749. A cause appealed from the justice of the peace court is tried *de novo* in the circuit court and the circuit court has the same jurisdiction as the justice court had. Code 1906, section 87. *Cagle* v. *State,* 63 So. 672; a failure to prove venue is jurisdictional in its character. *Quillen* v. *State,* 64 So. 736; in a cause where a defendant is convicted in the justice of the peace court and appeals to the circuit court, and on trial of said case in the circuit court, on the affidavit made before the justice of the peace, if the state fails to prove venue it is a reversible error. *Cagle* v. *State,* 63 So. 672; *Quillen* v. *State,* 64 So. 736; the case at bar is exactly on all-fours with the *Cagle* and *Quillen* cases, *supra* and we submit, should be reversed.

*Ross A. Collins,* Attorney-General for the state.

It is to be noted that the proof of the state on the question of venue goes to show that appellant lived in the district of which F. L. Puckett was a justice of the peace was justice of a particular district is unnecessary, inasmuch as the court properly took judicial notice that F. L. Puckett was justice of the peace of the second district for the election of justices of the peace of Coahoma county.

That is was competent for the court to take judicial notice of this fact, admits of no denial, for a justice of the peace is a commissioned officer of the state and the issuance of a commission to a public officer by the governor is a public act of public record of which a court must take judicial notice. *Casey* v. *Brice,* 55 So. 810; *Touart* v. *State,* 56 So. 211.

Section 2903, of the Code of 1906, provides that all county and county district officers shall attend each session of the circuit court and here the charge of the judge

to the grand jury and that the names of such officers shall be before the court and by the court called to ascertain if they are present or not. It is therefore provided that the court shall have before them the names of all justices of the peace of the county, and in the face of such a provision whereby the names of all justices are before the court, I submit that it is competent for the court to take judicial notice that the given name of a justice of the peace is the name of the justice of the peace of a certain district of the county. I submit that the ruling of the trial court on this point was eminently correct and that inasmuch as this constitutes the only error alleged or manifest in the record, the judgment of the trial court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted in the court of F. L. Puckett, a justice of the peace, for unlawful retailing, and again convicted on appeal to the court below. The only assignment of error upon which a reversal of the judgment of the court below is requested is that the venue was not proven. The affidavit upon which he was tried recites that:

"Before me, F. L. Puckett, a justice of the peace of the said county and district No. 2, D. G. Hendricks makes oath that Jim Beal on or about the 14th day of March, A. D. 1914, in said county and district, No. 2, did willfully and unlawfully sell and give away malt, spirituous and vinous alcoholic and intoxicating liquors," etc.

No witness testified that the liquor was sold in district No. 2, but there was evidence that it was sold in the district of F. L. Puckett, a justice of the peace. A justice of the peace not only holds a commission from the governor, but is a judge of a court of record; therefore the court below judicially knew that Mr. Puckett was a justice of the peace of district No. 2, and consequently that, if the liquor was sold in his district, it was sold in dis-

trict No. 2.   Jones on Evidence, section 109a;   7 Enc. Ev.
979; 16 Cyc. 913; *Coleman* v. *Gordon*, 16 So. 340; *Lindsey*
v. *Attorney-General*, 33 Miss. 528; *Russell* v. *Railway,
Light & Power Co.*, 137 Ala. 627, 34 So. 855; *Casey* v.
*Bryce*, 173 Ala. 129, 55 So. 810.

*Affirmed.*