[Watters, et al. v. Lyons.]

# Watters, *et al. v.* Lyons.

*Election Contest.*

(Decided November 7, 1914. 66 South. 436.)

1. *Elections; Contests; Grounds.*—Acts 1911, p. 349, sections 18 and 25, considered, and it is held that a violation of either of such provisions by a candidate for the office of commissioner of a city was not ground for a contest to the benefit of the opponent of the commissioner elected.

2. *Pleading; Amendment; Right.*—An amendment which will not cure a fatal defect in a pleading will not be allowed; hence, a party seeking leave to amend must show that the proposed amendment will make such pleading good.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Election contest instituted by J. P. Watters and others, against Pat J. Lyons, to contest his election to the office of commissioner of the city of Mobile. Judgment for contestee and contestants appeal. Affirmed.

D. B. COBBS, for appellant. The appeal relates only to the ineligibility of Lyons, and this ineligibility arises through a violation of the statute, and of the Code. The rulings on ineligibility were not without injury to appellant as bribed votes were illegal, and should have been thrown out and not considered.—29 Kan. 282; 19 S. W. 407. The ineligibility alleged was sufficient to confer jurisdiction of the cause of action.—Subd. 2, § 455, and § 1467, Code 1907; *Finklea v. Farrish,* 160 Ala. 236. It is a matter of right to amend the defective statement.—*Robinson v. Darden,* 50 Ala. 72; *Mayhan v. Smitherman,* 71 Ala. 565; 32 Cyc. 372. The court erred in dismissing without opportunity for amending.— *Kingsbury v. Milner,* 69 Ala. 502.

GREGORY L. & H. T. SMITH, for appellee. The motion to strike from the bill of exceptions everything that is recited to have transpired prior to ninety days before presentation should be granted.—§ 3019, Code 1907; *Turner v. Spragins,* 172 Ala. 98. The contest of an election is strictly statutory, and the statute must be strictly observed and construed.—*Pearson v. Alberson,* 160 Ala. 265; *Black v. Pate,* 130 Ala. 514. A contestant cannot amend his contest by averring jurisdictional facts which have been omitted, subsequent to the expiration of the time allowed for contesting.—Authorities supra. The right of contest on the ground of ineligibility is provided by subd. 2, § 455, Code 1907, and requires that the ineligibility shall exist at the time of such election, and the failure to aver this was fatal.—Authorities supra. The contestant was, therefore, without right to the amendment offered at the time it was offered.—Acts 1911, p. 348, §§ 18, 19 and 25. In any event, the contest could not have resulted to the benefit of contestants, and therefore, they are without right to complaint.—Acts 1911, p. 330, § 474, Code 1907.

MAYFIELD, J.—This appeal seeks to revise rulings of the trial court in dismissing an election contest in so far as it relates to the eligibility of the contestee, Lyons, to hold the office of commissioner for the city of Mobile.

There were two paragraphs of the statement of the grounds of contest which attempted to set up the ineligibility of the contestee. These paragraphs were 4 and 12, and were as follows: "(4) That said Pat J. Lyons was not eligible to the said office for which he was voted for at said election, and said declaration of election is illegal."

"(12) That said Pat J. Lyons in said election violated section 25 of said act of Legislature of April 8, 1911,

in that, being a candidate for commissioner at said election, he knowingly permitted and connived at certain of his political friends' and agents' hiring or paying or agreeing to pay others to solicit votes for him at or near the polls, and said Pat J. Lyons became and was a party, indirectly and directly, to such hiring, paying, or agreeing to pay for such soliciting, and for that, prior to said election day, said Pat. J. Lyons was a party to such hiring, paying or agreeing to pay, for such soliciting, and for that on said election day said Pat J. Lyons was a party to such hiring, paying, or agreeing to pay for such soliciting."

The trial court, on contestee's motion, dismissed the contest in so far as it related to these two grounds; and these two rulings are each assigned and insisted upon as error.

Contestants then orally moved the court to be allowed to amend each of these grounds of contest. The court overruled these motions, to which rulings the contestants excepted. Several days later the contestants renewed their motions to amend these grounds of contest, reducing their amendments to writing, and also moved to have contestee's motion to dismiss enrolled as a part of the record of the court. Each motion was denied, and contestants excepted.

It is made to appear, from an examination of this record, that no facts were alleged or offered to be alleged, which, if conceded to be true, would render the contestee ineligible to office at the time of such election, and within the meaning of subdivision 2 of section 455 of the Code, which is conceded to be the only authority which authorizes a contest on the ground of ineligibility.

It is true that the act of April 8, 1911 (page 330 et seq.), makes a great number of acts, as to conduct in the election, unlawful, and as a part of the penalty pro-

vides that such offenses shall be grounds for removal of the commissioner from office, and shall disqualify him to hold office, and some of these offenses, it is provided in terms, shall render him ineligible to the office sought; but there is no provision in such statute, nor in any other known to us, which makes any of these wrongful acts grounds of contest of the election of the officer guilty thereof, on the charge of ineligibility at the time of the election. There are similar statutes to the one under consideration, viz., the one of March 31, 1911 (page 221, § 25), and likewise the act of April 6, 1911 (page 313, § 25), which provide that violations of the provisions of such sections, by a candidate, shall be grounds of contest if such candidate, so offending, is successful. These sections of other similar acts are very similar to, and one is almost identical with, the sections of the act of April 8, 1911 (page 330), the sections in question. The omission of this provision from the act in question is significant. The Legislature evidently thought the insertion of this provision in the other acts was necessary to authorize a contest of the election, in the event the candidate violating was successful; and the omission of such provision from the statute in question leads us to the conclusion that it was not intended by the Legislature that elections held under the provisions of the act in question could be contested on the ground that the candidate, on the day of the election, violated the provisions of the act, as was alleged or sought to be alleged in the statement or petition of contestants in the case.

The three statutes above referred to cannot be read, without seeing the striking similarity of each to the others; in fact, they are almost identical in most of their provisions. It clearly appears that two of them are practical copies, in most respects, of each other; there being changes only in certain particulars, and one of the

[Watters, et al. v. Lyons.]

few material changes is that the wrongful acts complained of in this case are made grounds of contest in the other two statutes, but are not made so in the one in question.

The act in question nowhere provides for a contest of the elections authorized therein, but it is conceded in this case that the contest must be had under section 455 et seq. and section 1168 of the Code. We feel sure that there are no Code provisions which authorize a contest on any facts stated, or offered to be stated, in paragraphs 4 and 12 of contestants' statement, which will authorize a contest of the election in question. This being true, it necessarily follows that no injury was done contestants in striking their contest in so far as it related to the ineligibility of the contestee, nor in declining to allow the proposed amendments to paragraphs 4 and 12. If these paragraphs had been amended as proposed by contestants, or if they had originally contained all the facts offered to be added by the amendment, they would still, considered jointly or severally, have stated no valid ground of contest; and the court could have granted no relief if the facts alleged had been proven.

It is conceded in brief of counsel that this appeal is to test the question as to whether or not violations of sections 18 and 25 of the act of April 8, 1911 (page 330 et seq.), could be made grounds of contest of an election held in virtue of such act. The record is evidently made for the purpose of presenting this question for our decision; and we feel no doubt in holding that violations of one or both of these sections are not made grounds for contest. While these sections and others of the act, provide that the candidate offending shall be disqualified, ineligible, and subject to removal, effect must be given to them in some other proceedings, such as quo war-

ranto, impeachment, indictment, etc. The exact proceeding to be pursued in such case is not before us, and we do not now decide, in this regard, except to the extent of holding that the matters alleged or proposed to be alleged in sections 4 and 12 of the statement of contest in this case are not grounds for contest in this case.

It should be said, however, in this case, that the Code provisions, under which this proceeding was had, require that "a statement in writing, verified by affidavit, of the grounds of contest as provided," shall be filed in the office of the clerk. The original statement, so verified, was so filed, but the court, on contestee's motion, dismissed the contest, in so far as it related to the ineligibility of the contestee; and while offers to amend were made, and the offers denied, it does not appear that the amended statement proposed, nor the facts offered to be added to the original, were verified.

We do not now decide whether the proper practice was pursued in this case as to the motion to dismiss, nor whether the contestee should have been put to his demurrer, nor whether the contestants should have reverified their statement after the addition of the proposed amendment; but we merely call attention to the statutes.

We decide this case on the theory that if the proper practice was or had been pursued, no ground of ineligibility was alleged or proposed to be alleged, which would have been ground for contest, and that it is therefore made conclusively to appear that no possible injury was done the contestants. It is also well to note that while a number of grounds of contest remained, and issue was taken on them, no attempt was made to prove any one of them.

It is also well to note that, when a party seeks leave to amend, the law requires him to show or apprise the

[Watters, et al. v. Lyons.]

trial court that the proposed amendment will make the pleading or process, proposed to be amended, good. The law will not do, or compel to be done, the foolish thing of making an amendment, when the amended pleading or process would be no better than the original, which was held bad.

The authorities relied upon by appellants are not contrary to what we have decided; in fact, we think they support the holding in this case. Such are the cases of *Wade v. Oates,* 112 Ala. 325, 20 South. 495; *Frost v. State ex rel., etc.,* 153 Ala. 654, 45 South. 203; *Black v. Pate,* 130 Ala. 514, 30 South. 434; *Pearson v. Alverson,* 160 Ala. 265, 49 South. 756; *Ex parte Shepherd,* 172 Ala. 205, 55 South. 627. In these cases it is held that contests of election are unauthorized, except by express statutes, and that any material departure therefrom is unauthorized. The last case cited, and the same on a subsequent appeal (*Shepherd v. Sartain,* 185 Ala. 439, 64 South. 57), contain a full discussion of the rules of law.

There being no sufficient proof offered, much less introduced, to support any one of the specified grounds of contest on which the trial was had, the court rendered the only judgment it could properly have rendered.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.