(113 So. 252)

**WRIGHT et al. v. COOK et al.** (6 Div. 844.)

Supreme Court of Alabama.    May 26, 1927.

1. **Schools and school districts** ⚖️≈53(5)—Members of board of education selected by council are town officers not removable except for causes enumerated (School Code 1924, §§ 154, 155, 156; Const. 1901, §§ 173, 175).

Members of board of education selected by majority of town council for five-year term, under School Code 1924, §§ 154, 155, 156 are officers of town and cannot be removed from office except for causes specified by Const. 1901, §§ 173, 175.

2. **Schools and school districts** ⚖️≈53(5)—Resolution of council attempting to remove members of school board by declaring board null held ultra vires (School Code 1924, §§ 154, 155, 156).

After town council had selected board of education for five-year term, under School Code 1924, §§ 154, 155, 156, attempted removal of members from office by resolution declaring existing board null *held* ultra vires.

3. **Officers** ⚖️≈82—Injunction will issue to protect incumbent of office showing prima facie right to continue as against adverse claimants whose title remains unestablished.

Court will by injunction protect incumbent of office, who shows prima facie right to continue therein, against intrusion of adverse claimants out of possession without right or title, or whose title is not yet established.

4. **Officers** ⚖️≈82—Bill alleging complainants were ousted without authority as members of board of education and that other persons appointed are interfering with board's affairs held to state case for injunction (School Code 1924, §§ 154, 155, 156).

Bill alleging complainants were members of city board of education, appointed by town council, under School Code 1924, §§ 154, 155, 156, and that they were ousted from office by council without authority and other persons substituted, who are interfering with conduct and management of board, *held* to state cause of action for injunction as against demurrer.

5. **Officers** ⚖️≈82—Bill by members of board of education seeking injunction against adverse claimants, was not required to show complainants were citizens' and taxpayers (School Code 1924, §§ 154, 155, 156).

Persons showing themselves to be incumbents of office as members of board of education, appointed under School Code 1924, §§ 154, 155, 156, on seeking injunction to prevent interference by others assuming their positions were not required to designate themselves as citizens and taxpayers.

6. **Officers** ⚖️≈82—Statute restricting equity jurisdiction in election contests held not applicable to suit by appointed officers of school board to enjoin interference by adverse claimants (Code 1923, § 549; School Code 1924, §§ 154, 155, 156).

Code 1923, § 549, restricting equity jurisdiction in election contests, *held* not to apply in suit by members of board of education appointed by town council, under School Code 1924, §§ 154, 155, 156, to enjoin adverse claimants from exercising duties as members of board.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Bill in equity by J. A. Cook and others against W. H. Wright and others. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

The bill, filed by J. A. Cook, B. J. Cowart. and B. E. Owens, members of the city board of education of the town of Haleyville, a town of 1,404 inhabitants, and taxpayers of said town, alleges that complainants were on October 4, 1926, and are at present legal members of the city board of education of said town of Haleyville, duly appointed by the council of said town, and are the lawful city board of education of said town; that on October 12 the town council of Haleyville passed a certain ordinance, resolution, or

⚖️≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other proceeding, which was without authority of law and for the purpose of vexing, interfering, harassing, ousting, and removing complainants from office as members of said city board of education; that on October 20, 1926, said town council passed another ordinance, resolution, or other proceeding, which was without authority of law, appointing respondents to be members of and to constitute said city board of education; and that respondents are assuming to act as such city board of education and are interfering with complainants with the conduct and management of the affairs of said board.

The prayer is for an injunction to restrain respondents from interfering with complainants in the discharge of their duties as members of the city board of education and from assuming themselves to act as such members.

By the ordinance of proceeding of October 12, 1926, a copy of which is made Exhibit A to the bill, the resignations of W. H. Wright and G. H. Goddard, as members of the town city school board, were accepted, and a resolution was adopted by which the town council released and discontinued all control of public and high schools in said town and revested the authority in the county board of education.

By the ordinance or proceeding of October 20, 1926, a copy of which is made Exhibit B to the bill, a resolution was adopted, by which the town council reassumed control and jurisdiction of the public and high school system of the town, and declared the present school board of the town null and void. At said meeting of the council the respondents were elected to serve as members of the school board from the date of said meeting.

Mayhall & Mayhall, of Haleyville, and Williams & Chenalut, of Russellville, for appellant.

Injunction was improperly ordered in this case. Moses v. Mobile, 52 Ala. 198; Brown v. Birmingham, 140 Ala. 590, 37 So. 173; Board v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Moulton v. Reid, 54 Ala. 320; Bessemer v. Waterworks, 152 Ala. 391, 44 So. 663; Southern Steel Co. v. Hopkins, 157 Ala. 175, 47 So. 274, 20 L. R. A. (N. S.) 848, 131 Am. St. Rep. 20, 16 Ann. Cas. 690; Forcheimer v. Port of Mobile, 84 Ala. 126, 4 So. 112. The statutory remedy of quo warranto is the exclusive proceeding by which the title or right to hold office can be tried and determined. Lee v. Locke, 49 Ala. 43; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Moulton v. Reid, 54 Ala. 320; Taliaferro v. Lee, 97 Ala. 92, 13 So. 125; Little v. Bessemer, 138 Ala. 127, 35 So. 64; Goodwyn v. Sherer, 145 Ala. 501, 40 So. 279; Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294; Allen v. State, 181 Ala. 383, 61 So. 912; Boone v. State, 170 Ala. 57, 54 So. 109, Ann. Cas. 1912C, 1065.

T. B. Russell and J. A. Posey, both of Haleyville, for appellee.

After election of the city board of education, the authority of the town council ceased. School Code 1924, §§ 154, 156, art. 8. Injunction will lie at the instance of the incumbent of an office to restrain a claimant to the office from interfering therewith until he has established his claim thereto by law. 29 Cyc. 1416; Casey v. Bryce, 173 Ala. 129, 55 So. 810; Guillotte v. Poincy, 41 La. Ann. 333, 6 So. 507, 5 L. R. A. 403; Goldman v. Gillespie, 43 La. Ann. 83, 8 So. 880. The incumbent of an office cannot proceed by quo warranto against an adverse claimant who is out of office. 32 Cyc. 1424; 22 R. C. L. 663; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Code 1923, § 9932.

BROWN, J. Towns in this state having a population of 1,000 and less than 2,000 inhabitants, according to the last federal census, are empowered through their city council or other governing body to select by a majority vote of its entire membership, and in accordance with the plan set out in section 156 of the School Code of 1924, a board of education of five members, to exercise the government and control of the schools of such town. School Code, 1924, § 154. Section 155 of said Code prescribes the qualifications of members of the school board as those "who shall be residents of such city, and who shall not be members of the city council or commission," and provides that they shall serve without compensation and "shall be chosen solely because of their character and fitness, but no person shall be appointed or elected to the board under the provisions of these sections, who is in any way subject to the authority of the (selecting) board."

[1] Section 156 fixes the term of the members of the board of education, so selected, at five years and provides that one member shall be elected in April of each year. The members of the board of education so selected are officers of the town and cannot be removed from office except for the causes specified in 173 of the Constitution. Constitution 1901, § 175; Petree v. McMurray, 210 Ala. 639, 98 So. 782; McMurray v. County Board of Education of Franklin County, ante, p. 144, 112 So. 644.

[2] Therefore, it is clear that the resolution of the town council of Haleyville, made Exhibit B to the bill, in so far as it undertook to remove the complainants from office by declaring the existing board null, is ultra vires. Posey v. Town of North Birmingham, 154 Ala. 511, 45 So. 663, 15 L. R. A. (N. S.) 711; 19 R. C. L. 1137, § 414; 8 Words and Phrases, First Series, page 7145.

[3] The principle is well established that courts of equity will by injunctive process protect the incumbent of an office who shows a prima facie right to continue in office, against

the intrusion of adverse claimants out of possession who are without right or title to the office or whose title is not yet established. Casey v. Bryce, 173 Ala. 129, 55 So. 810; 2 High on Injunctions (2d Ed.) § 1315; 5 Pom. Eq. Jur. 335.

[4, 5] The averments of the bill bring the case within the principle last above stated, and the demurrers to the bill were properly overruled. It is not important that complainants, who are also shown to be the incumbents of the office, designated themselves as citizens and taxpayers; this was mere surplusage.

[6] Section 549 found in article 23, chapter 19, of the Code of 1923, dealing with popular election by the people, is without influence here. Dennis et al. v. Prather et al., 212 Ala. 449, 103 So. 59.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.