145 So. 420

**DOUGHTY v. BRYANT et al.**

**6 Div. 246.**

Supreme Court of Alabama.

Jan. 12, 1933.

Horace C. Wilkinson, of Birmingham, for appellant.

24

Fitts & Fitts, of Birmingham, for appellee.

**BROWN, J.**

 It is well settled that, for one in possession of a public office to invoke the aid of a court of equity to protect his proprietary interest therein by injunctive process, he must show a continuing prima facie right to occupy the office as against his adverse claimant. Casey v. Bryce, 173 Ala. 129, 55 So. 810; Wright et al. v. Cook et al., 216 Ala. 270, 113 So. 252.

This principle is limited to the incumbent in possession to protect a proprietary right, and does not extend to a mere citizen and taxpayer who has no proprietary right, and whose only right is in common with the general public. Wright et al. v. Cook et al., supra.

Taking the averments of the bill as true, the only office in which the complainant had any proprietary interest is the office of alderman of ward 5 of the municipality of Homewood, to which he was elected, and upon which he entered on the first Monday in October, 1928; that in a popular election held in the municipality, on the 19th day of September, 1932, he was a candidate for re-election, and was opposed by the respondent Overton and one Charles Kunz; that in said election complainant received 401 votes, Overton received 452 votes, and Charles Kunz received 520 votes; that on the 20th of September, 1932, the city council of Homewood met and canvassed the returns of said election, and adopted a resolution declaring the result, and directing the issuance of a certificate of election to Overton and Kunz.

The right of Kunz to enter into and exercise the duties and functions of the office is not questioned by the bill. But the complaint alleges in substance that Overton violated the Corrupt Practice Act, in that he failed to designate a committee to receive contributions in aid of his candidacy and to file an itemized, sworn statement thereof with the judge of probate of Jefferson county, and therefore his election to the office of alderman of ward

5 is void and of no effect. Code 1923, § 582 et seq.

We are clear to the conclusion that these averments do not sustain the equity of the bill, or authorize injunctive relief, for the following reasons: First, for all that appears in the bill, Kunz, whose election is not questioned, is entitled to take and hold the office now occupied by the complainant (Casey v. Bryce, supra); and, second, while section 586 of the Code of 1923 prescribes the amount candidates for municipal offices may expend in the aid of their candidacy, and section 587 declares "the expenditure by any candidate for a public office of an amount in excess of the amounts herein specified shall disqualify said person for said office," there is no provision in section 588, requiring candidates for municipal offices to file statements of their expenditures.

Appellant's contention here is, that the provision, "And if it be a district or circuit office, file with the judge of probate of each county which is embraced in said district or circuit," applies to offices of municipal corporations. The statute is highly penal, and will be strictly construed. To construe the quoted clause as covering offices in municipal corporations would be a very liberal and loose construction.

The last reason is that the bill goes to the validity of the election, and by the provisions of section 549 of the Code jurisdiction is denied to courts of equity in such cases.

The decree of the circuit court is free from error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.