171 So. 370

**STATE ex rel. CHAMBERS v. BATES.**

1 Div. 942.

Supreme Court of Alabama.

Dec. 17, 1936.

J. G. Bowen, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

FOSTER, Justice.

This is a proceeding in quo warranto to oust appellee as a city commissioner of Mobile for a term beginning October 1, 1935. The petition is in general terms, alleging that appellee is guilty of usurping or intruding into or unlawfully holding or exercising the office of a city commissioner.

There was no demurrer to the petition, but the respondent made answer, in which he asserted that he was holding such office for such term in that he was elected to it at an election held on September 9, 1935 (which was the second Monday); that he had filled a regular term ending September 30th, and was elected to succeed himself. He also alleged that he qualified on September 12th, and complied with all the requirements as to affidavit and bond, and that he had a proper certificate that he was so elected and entitled to the office beginning October 1, 1935.

No question was raised as to the sufficiency of the answer. But relator then made replication, which in substance alleged that respondent had directly or indirectly expended an amount in excess of the limitation fixed by law in his campaign for said office. The replications stated the items so expended in excess of the limitation so declared, and alleged that by reason of such excess expenditure respondent was not eligible to the office. Amended replications alleged that he violated section 18 of the Acts of 1911, pp. 330 to 354, in that he failed for thirty days after qualifying for said office to publish a sworn itemized statement of his campaign expenses.

By an additional amendment to his replications, relator repeated the charge that respondent expended directly or indirectly a larger sum than permitted by law in aid of his campaign, and that his former term ended September 30, 1935; and therefore that he is disqualified to hold over for an appreciable time after his former term expired, and until another is elected and qualified. In some of the amendments the allegation of excessive expenditure is made without averring that it was "directly or indirectly" made by respondent, but they adopt replication No. 2, in which such allegation is made. The court sustained demurrers to all the replications, and petitioner declined to plead further, wherefore his information was dismissed.

The question is upon the sufficiency of the replications as tested by the demurrer assigned. Among other grounds is that the right to hold the office cannot be tested in a proceeding of this kind, when the claim is as made in the replications.

There is no doubt but that the petition shows a right to test the question as alleged in it; that is, that he usurped or intruded into the office or unlawfully holds it. Section 9932, Code. The answer shows that he is not thus holding the office. If the replications set up matters which are not proper for consideration in a quo warranto proceeding, demurrer to them on that ground was properly sustained.

There has been much discussion of the circumstances which will support a contest, an impeachment proceeding, and a quo warranto when the claim relates to some disqualification of the officeholder, or cause for his removal. We will refer to those cases here applicable.

We held in Beatty v. Hartwell, 217 Ala. 239, 115 So. 164, that a contest is not the proper method of ousting a city commissioner for violation of the Corrupt Practice Act (Code 1923, § 582 et seq.) by expending in said election an amount in excess of the maximum fixed by law. But it was not stated what that method of procedure should be.

In the case of State ex rel. Williams v. Owens, 217 Ala. 668, 117 So. 298, the proceeding was quo warranto, seeking to oust a city officer for violating section 1891, Code. That section provides that such city officer shall vacate his office if he accepts employment from a utility with a city franchise or who shall have personal financial dealings with the city. (The act is paraphrased for the purpose here in hand.) The court held that the effect of the proceeding for violating that statute was to oust him for something he had done while in office, for which he could only be removed by impeachment under sections 173 and 175, Constitution, and it did not go to his qualifications to hold the office. That the law cannot change the requirements of the Constitution, and cannot cause an office to be vacated by conduct while in office, except as authorized by it, when it fixes the causes for a removal from office. To the same effect is Hughes v. Stephens, 219 Ala. 134, 121 So. 397.

In State ex rel. Moore v. Blake, 225 Ala. 124, 142 So. 418, this court again considered the question. It was a quo warranto proceeding, and sought to oust a county officer because of his conviction in a federal court and sentenced to the penitentiary. The court referred to section 60 of the Constitution, which makes a person convicted of such a crime incapable of holding any office of trust or profit in this state, and also referred to section 2699, Code, vacating the office upon such a conviction. Stone v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894. He may be impeached and removed from office for no other act or omission except such as is named in section 173, but he may be removed by quo warranto on account of the circumstances named in section 60, supra, which make him incapable of holding such an office, though they occur while he is in office, or for any other cause which renders him incapable of holding the office. State ex rel. Coe v. Harrison, 217 Ala. 80, 114 So. 905.

But the Legislature cannot prescribe as a cause for removal any conduct or omission while in office, except such as is authorized by section 173 for impeachment, but may provide for removal by quo warranto, for something which renders him incapable of holding the office or ineligible to it. If the candidate or officeholder violates the Corrupt Practice Act in a way which makes him ineligible or disqualified, by its terms, he thus becomes a usurper or intruder, or unlawful holder of the office, and may be removed by quo warranto. Section 9932, Code.

Apply those conclusions to some of the replications here set up, and we observe that they allege facts which relator claims have the effect, under the Corrupt Practice Act, section 587, Code, to disqualify respondent even as of the date when his term begins. That section provides that "the expenditure by any candidate for a public office of an amount in excess of the amounts herein specified shall disqualify said person for said office."

An allegation in the replication, that respondent did expend an amount in excess of the sum named "for a purpose tending in any way directly or indirectly to promote or aid in securing his nomination or election," would show a disqualification under sections 586 and 587, Code, existing at the time of entering into the office. But there is quite a distinction between a specification of the purpose of the expenditure and of the fact of the expenditure. The purpose may promote the campaign only indirectly, but the fact of an expenditure by the candidate must exist. There is no prohibition in respect at least to some indirect expenditures. That includes we think an expenditure by some other person but for a purpose which may

promote the campaign either directly or indirectly. We do not think that because other people spend their own money in aid of a candidate, though the candidate may know of it and approve it, he is thereby rendered disqualified to hold the office.

The care with which the replications allege that respondent "directly or indirectly expended" the amount in excess of the limit, in the face of demurrers which go directly to the point under discussion, shows that it was not the purpose of the pleader to aver that respondent expended the amount in question. If so, why be so careful in that connection to use the word *indirectly*? The presumptions are against the pleader. He must make plain his charges, without ambiguity. The replications were therefore subject to the demurrer which was sustained to them.

■ By replication No. 8 relator relied upon a failure of the campaign committee, said to be designated by respondent, to report the amount of contributions to the cause as required by section 593, and the failure of respondent to make an affidavit to such a report required by section 594, all prior to the election, claiming that such failure disqualified him to hold office under section 595. Both sections 593 and 594 relate to the duty of the committee required by section 588 to be named by the candidate. So that if section 588 does not require this respondent as such candidate to name the committee thus set up, then there is no operation of sections 593 and 594 to this respondent. The court has expressly held that a candidate for a city office is not within the requirements of section 588. Doughty v. Bryant, 226 Ala. 23, 145 So. 420.

So that respondent being a candidate for a city office was not subject to the penalties of section 595. Replication No. 8 was therefore subject to demurrer.

■ Replication 1–A and 2–A set up a violation of section 18 of the Acts of 1911, pp. 330, 348, providing for a commission form of government which is assumed to apply to the city of Mobile, and we will so treat it. It provides that every commissioner *elected* by popular vote in such city shall within thirty days after qualifying file with the judge of probate a sworn itemized statement of his expenses and contributions, and that a violation shall be a misdemeanor "and be a ground for removal from office." The failure does not go to his qualifications or capacity to hold the office, but provides a ground for removal. Other sections of the act are different in this respect, notably section 25 (page 351), not here involved. See Watters v. Lyons, 188 Ala. 525, 66 So. 436.

We observe that this is a requirement whose omission must occur after the candidate has gone into office, and it did not provide a disqualification which existed when he went into it, nor subsequently arising. It exacts conduct to be done within thirty days after qualifying for the office, and after his election to it. Section 4 of the Act (Acts 1911, p. 332), as amended in 1915, page 869, § 1, provides that the term shall begin October 1st and continue six years. Section 10 (Acts 1911, p. 340), as so amended (Acts 1915, p. 871, § 2), fixes the second Monday in September as the date for the election. Section 13 (Acts 1911, p. 344) provides for the requirements of his qualifying, and that it shall occur on or before the first Monday in the month succeeding his election. But since his term begins October 1st, succeeding his election on the second Monday in September, he must qualify by making oath and giving bond as set out in section 13, on or before October 1st. If he had qualified on the day after his election, which would be September 10th, he would not be in default on October 1st, if he did not comply with section 18 by that time, because he is allowed thirty days after qualifying in which to do so. So that in all events he cannot be in default in this respect until after he has gone into office. He in fact qualified, as alleged in the answer, not denied in the replications, on September 12th. When he went into office he was not in default. Although section 18 provides that such default shall be ground for removal, it does not provide that he is on that account ineligible or disqualified, but, as did section 1891, Code, that it be ground for removal. But he is not subject to removal for conduct or omissions while in office which do not go to his eligibility except by impeachment for the causes set out in section 173, Constitution.

We think this is in accord with the construction of section 18, made in Watters v. Lyons, 188 Ala. 525, 66 So. 436, and consistent with Finklea v. Farish, 160 Ala. 230, 49 So. 366.

It follows that replications 1–A and 2–A are subject to the demurrers which were sustained to them.

Respondent also contended in the trial court that since his term expired September 30th, and no question is raised as to that, he was authorized to hold it until his successor is elected and qualified, and if he is disqualified to hold the new term he has a right to hold onto the office until there is elected one who is qualified. Several replications were filed, which were intended to meet that phase of the answer. But we do not think it is necessary to enter into a discussion of that question, since it could only have application in the event respondent is held to be subject to removal from the term beginning October 1st, and we think the replications to which demurrer was sustained do not show that to be the situation. However, the general subject is discussed in our cases of Montgomery v. Hughes, 65 Ala. 201; Prowell v. Hasty, 142 Ala. 80, 39 So. 164; State v. Rice, 230 Ala. 608, 162 So. 292.

■ Appellant seems to rely upon the fact that the replications are sufficient under section 9477, Code, and that therefore they are not subject to demurrer. That section relates to the form of such replication with full authority to file more than one. But it does not mean that although they are in plain language and are a brief statement of the facts relied on as an answer to the plea, but do not allege matter which is sufficient in law to avoid the effect of the plea, they are not subject to demurrer. We think they are insufficient for the reasons which we have discussed, and that the judgment sustaining the demurrer to them was without error.

There is no occasion to consider the rulings on interrogatories filed to respondent, since the proceeding was dismissed without error prejudicial to appellant.

■ Appellee invokes a principle that when a demurrer to all replications to a special plea is sustained and plaintiff declines to plead further, a judgment against him without proof of his complaint is without injury.

But this is true only when there is a plea of the general issue also which puts on plaintiff the burden of proving his complaint, or the status of the pleading otherwise leaves the burden on plaintiff. And if he fails to meet that burden, or to offer to do so, he is not injured because his suit is dismissed for the failure to plead further. Watson v. Birmingham R., L. & P. Co., 150 Ala. 322, 43 So. 732; Cross v. Esslinger, 133 Ala. 409, 32 So. 10; Andrews v. Hall, 132 Ala. 320, 31 So. 356; Zirkle v. Jones, 129 Ala. 444, 29 So. 681; Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 So. 500.

But the reason of the rule does not here apply because there was no plea which imposed any burden on plaintiff. When defendant admitted that he was holding the office and exercising its powers and functions, he had the burden to allege and prove that he was in the rightful exercise of them. Roberts v. Bailey, 228 Ala. 222, 153 So. 432; Baker v. State ex rel. Green, 222 Ala. 467, 133 So. 291; Sharp v. State, 217 Ala. 265, 115 So. 392.

Further pleading was not necessary by plaintiff unless he sought to show some disqualification for the office or a forfeiture of it, which he could do as he did by a special replication. Frost v. Clements, 153 Ala. 654, 45 So. 203.

When the demurrer to his replications was sustained, he had no burden to carry by the status of the pleading, and was at liberty to suffer a dismissal without offering proof and to review the ruling on the demurrer to his replications. He virtually admits that if his replications do not present a good answer to the respondent's showing, he has nothing else to say to it. This he may do without penalty when he has no burden at that stage of the pleading to offer proof. That was his status. So that while the sufficiency of his replications is properly presented by due assignments of error, we think, for the reasons we have stated, they do not show matter legally sufficient, if true, to overcome the allegations of the answer.

The judgment is affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.